## Ex Parte, G. D. Powell.

### FIRST WRIT OF ERROR.

1. The act of Congress, February 12, 1793, relating to the rendition of fugitives from justice, requires that a copy of an indictment or an affidavit made before a magistrate, charging the person demanded with having committed a crime in the State from which he fled, shall be produced and authenticated by the Governor demanding the rendition. When an affidavit so procured does not appear to have been made before a magistrate the warrant of arrest should not be issued.

2. When the Governor issues a warrant for such arrest and recites that the demanding Executive produced and authenticated "a copy of affidavits charging" the commission of a·crime, not showing that such affidavits were made before a magistrate or judicial officer, it cannot be presumed that the affidavits were made in the course of judicial proceedings for the prosecution of the person demanded, and upon its face the warrant of arrest fails to show that it was authorized by law.

3. The Executive authority in such cases can be invoked and exercised only in aid of judicial proceedings, where persons are charged before magistrates in the course of prosecutions for crime.

4. The only inquiry to be made (on *habeas corpus*) when a person has been arrested under a warrant for extradition is, whether the statutory prerequisites have been complied with.

### SECOND WRIT OF ERROR.

1. This court, on writ of error, will consider only such questions as

are presented upon the record of the proceedings in the Circuit Court. We cannot assume that facts appeared on the hearing below which are not disclosed by the record.

2. Facts or documents appearing of record in another cause should be proved by the record of that cause; and if the same are not incorporated in the record this court cannot consider them on appeal or error.

3. Petitioner having been discharged from custody by writ of *habeas corpus*, was again arrested, and now on *habeas corpus* prays to be discharged because he is arrested for the same cause from which he was before discharged. The cause of the first arrest not being shown, there is no ground for relief.

Writs of Error: 1st, to the Circuit Court for Levy county; 2d, to the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*A. L. Hawes* for the Petitioner. 56 New York, 182; 9 Ga., 73; Hurd on Habeas Corpus, 326.

*The Attorney-General* for The State. Brown's Case, 112 Mass., 409; Com. vs. Hall, 9 Gray, 262; Davis' Case, 122 Mass., 324; Tullis vs. Fleming, 69 Ind., 15; Ex parte Swearingen, 13 S. C., 74–77; Manchester's Case, 5 Cal., 237; Kingsbury's Case, 106, 223; People vs. Donohue, 84 N. Y., 438.

THE CHIEF-JUSTICE delivered the opinion of the court.

This case comes up by writ of error to the judgment of the Circuit Court for Levy county.

Powell was arrested by the Sheriff of Levy county upon a warrant issued by the Governor of this State upon the requisition of the executive authority of the State of Georgia. The preamble of the warrant of the Governor, showing the cause of arrest, is as follows: "Whereas the executive authority of the State of Georgia has demanded of

the executive authority of the State of Florida the deliv-
ery and surrender of the body of G. D. Powell, as a fugi-
tive from justice from said State of Georgia to said State
of Florida, and has produced and filed with the executive
authority of said State of Florida, to which State said G.
D. Powell has fled from said State of Georgia, a copy of af-
fidavits charging the said person so demanded with having
committed in said State of Georgia, against the laws of
said State of ———, the crime of larceny after a trust del-
egated, and which is certified as authentic by the Governor
of said State of Georgia.   Now, therefore, this is to com-
mand you to apprehend and arrest the body of the said G.
D. Powell," &c.

Upon the petition of Powell to be discharged, a writ of
*habeas corpus* was issued to the sheriff who made return
that he held petitioner in custody by virtue of the afore-
said warrant of the Governor.   Thereupon counsel for pe-
titioner insisted that the sheriff had no legal authority to
hold him in custody and moved his discharge.   The court
denied the motion and remanded him to custody, and judg-
ment to that effect was entered of record.

The Laws of Florida provide that it shall be the duty
of the Governor of this State when demand shall be made
of him by the Executive of any State or Territory, of any
fugitive from justice, in the manner prescribed by the act
of Congress approved 12th of February, 1793, to cause said
fugitive to be arrested and secured, either by making pub-
lic proclamation or by issuing an order to that effect under
his hand and the seal of the State, directed to the sheriffs
of the State, commanding them to arrest the fugitives there-
in named, &c.

The section of the act of Congress referred to is found in
the Revised Statutes of the United States, and is as follows:

Sec. 5278.  " Whenever the Executive authority of any

State or Territory demands any person as a fugitive from justice of the Executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or Chief Magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the Executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the Executive authority making such demand, or to the agent of such authority, appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

Chief-Justice Taney, delivering the opinion of the court in Com., of Kentucky, vs. Denison, Governor of Ohio, 24 How., 104, says : "The Constitution having established the right on one part and the obligation on the other, it became necessary to provide by law the mode of carrying it into execution. The Governor of the State could not, upon a charge *made before him,* demand the fugitive ; for, according to the principles upon which all of our institutions are founded, the Executive department can act only in subordination to the judicial department, where rights of person or property are concerned, and its duty in these cases consists only in aiding to support the *judicial* process and enforcing its authority, when its interposition for that purpose becomes necessary, and is called for by the judicial department. *The Executive authority of the State, therefore, was not authorized by this article to make the demand unless the party was charged in the regular course of judicial proceedings.* And it was equally necessary that the Executive authority of the State upon which the demand was made,

when called on to render his aid, should be satisfied by competent proof that the party was *so charged.* ·This proceeding, when duly authenticated, is his authority for arresting the offender."

The warrant of the Governor, reciting the grounds for the issuing of the same, says, the Governor of Georgia produced and filed with him :" a copy of affidavits charging the said person so demanded with having committed in said State of Georgia, against the laws of said State, the crime of larceny after a trust delegated, and which is certified as authentic by the Governor of said State of Georgia."

It is very clearly stated by Ch. J. TANEY, in the opinion referred to, that the affidavit required by the act of Congress must be made in the due course of judicial proceedings, and that the Executive authority of the State in such cases· can be interposed only in aid of the courts in the due administration of justice. The act of Congress requires that the affidavit be "made before a magistrate " of the demanding State, " charging the person demanded " with having committed a crime, which affidavit shall be authenticated by the certificate of the Governor of that State. In every similar case reported, so far as we have been able to examine the decisions of other States, the affidavit presented to the Governor was made before a judicial officer in the course of a criminal prosecution.

As Judge TANEY remarks, " the Governor of a State could not, upon a charge *made before him,* demand the fugitive." An affidavit made before a Notary, or other ministerial officer or person having no judicial authority, would not authorize the Governor to make the demand. It is well known that in every State persons who are not " magistrates " are empowered o certifyt he acknowledgment of deeds and to administer oaths, and so it cannot be presumed that because an oath is taken the person certifying it is a

judicial officer, and that it is taken in the course of the administration of justice in a criminal prosecution. The act of Congress is explicit, that the " charge " must be made before a magistrate, and the demand of the fugitive must be made by the Executive authority in aid of the judicial authority in administering laws for the punishment of crime.

It should not be presumed in the absence of all evidence or recital of the fact that because the Governor of Georgia issued his requisition upon an affidavit, therefore the oath was taken before a magistrate authorized to issue process for arresting persons charged with crime. Presumptions are to be made in favor of personal liberty and upon facts. Presumptions of the existence of facts are not founded upon other presumptions or speculations. There is here no legal presumption that a criminal prosecution was commenced before a magistrate or court, from the fact that an assertion was made on oath that a crime had been committed. Such affidavits are made in civil suits as all lawyers well know, and before Notaries and Commissioners for various purposes other than the prosecution of criminals. Extrajudicial affidavits also are often made and sometimes for mischievous purposes.

· The act of Congress guards against the presumptions suggested in this case by requiring the affidavit to be made before a magistrate.

The judgment of the Executive of the demanding State, or of the Executive of this State, though entitled to great deference, is not by any means conclusive as to the sufficiency of the cause shown for extradition. The books are thronged with cases in which the courts have made the inquiry and decided upon the sufficiency of the cause, and in a great majority of cases have sustained the arrest upon full investigation. This very fact is authority to sustain

the power of the judiciary to make the inquiry. Any other view would make the Executive power omnipotent and emasculate to a great extent the writ of *habeas corpus*, whereby the citizen is assured that he shall not be deprived of his liberty "but by the law of the land." To this end he may demand that the law shall be strictly complied with, and that is all that is involved in the present inquiry.

"There must be a showing of sufficient ground for the arrest before the requisition can issue; and after it is issued and complied with it is competent for the courts of either State on *habeas corpus* to *look into the papers*, and if they show no sufficient legal cause to order the prisoners discharged." Cooley's Const. Lim., (*16) 5th Ed., 22, Note 1, citing authorities.

An early case (*In re* Clark, 9 Wend., 213,) thus points out what is requisite to give the Governor jurisdiction to arrest and deliver a fugitive charged with crime in the demanding State: 1. The fugitive must be demanded by the Executive of the State from which he fled; 2. A copy of the indictment found, or an affidavit made before a magistrate of the State charging the fugitive with having committed the crime; 3. Such copy of the indictment or affidavit must be certified as authentic by the Executive making the demand. The propositions thus formulated have been, almost literally, copied by the Judges in many of the States where the questions involved have been adjudicated. If these prerequisites have been complied with the warrant of the Governor has properly issued and the prisoner is legally restrained of his liberty. *In re* Clark, 9 Wend., 219; Ex-parte Swearingen, 13 S. Car., 74.

For reasons before stated we do not find in the papers evidence that all these requisites have been complied with, and therefore the warrant of the Governor is not authorized under the act of Congress and the law of this State.

The other grounds of alleged error are not important.

The judgment remanding the petitioner must be reversed, and it is ordered that he be forthwith discharged from the warrant under which he was arrested.

After the rendition of the above judgment the Governor, on July 2, 1884, made an order revoking the above warrant, and issued a new warrant on the original requisition from the Governor of Georgia and copy of affidavit accompanying it. Powell was arrested on this warrant in Alachua county where he had been incarcerated. He instituted proceeding by *habeas corpus* for his discharge from this arrest, but the Judge of the Fifth Circuit refused to discharge him, and Powell sued out a writ of error.

The other facts are stated in the opinion.

*A. L. Hawes* for Plaintiff in Error.

*The Attorney-General* for the State.

THE CHIEF-JUSTICE delivered the opinion of the court.

Powell obtained a writ of *habeas corpus* from His Honor Judge King, in Alachua county, to be discharged from the custody of the sheriff of that county on the ground that his imprisonment was illegal.

The sheriff made return that he held the said Powell by virtue of a warrant of the Governor of Florida issued July 2, 1884, under the great seal of the State, upon a requisition of the Governor of Georgia demanding the delivery of Powell as a fugitive from justice, Powell having been charged before a magistrate of Georgia with a crime and having fled from that State to Florida.

There was produced before the Circuit Judge at the hearing a copy of a mandate of the Supreme Court recit-

ing that a judgment of the Circuit Court of Levy county, rendered 24th June, 1884, in the matter of G. D. Powell, petitioner, for a writ of *habeas corpus*, remanding him to custody, was reversed and set aside and the petitioner was discharged from the warrant under which he was arrested. There was also produced before the Circuit Judge a paper executed by the Governor of Florida, revoking a warrant issued by him on the 17th of March, 1884, for the arrest of G. D. Powell, on the requisition of the Governor of Georgia.

On hearing the cause the judgment was rendered that the petitioner be remanded to the custody of the sheriff of Alachua county, and that his discharge be refused.

This judgment is now brought up by writ of error. A reversal of the judgment is prayed upon the ground that "the appellant, G. D. Powell, was arrested and is held in custody by the sheriff of Alachua county upon a warrant for the same offence, issued upon the same affidavit without the order or judgment of any court of competent jurisdiction, after having been once discharged from confinement upon a former writ of *habeas corpus*."

And "because the Governor of Florida had no legal authority to revoke his former warrant and issue another for the same offence upon the same.affidavit."

The cause was argued upon these assigned errors without reading the whole record.

Upon examining the record we do not find that there was presented to the Circuit Judge any evidence whatever that Powell had previously been arrested upon a warrant of the Governor of this State and discharged therefrom. A mandate of this court is copied into the record, showing that a judgment of the Circuit Court for Levy county remanding Powell to the sheriff of that county had been reversed and directing that he be released from custody, in a cause

brought here by writ of error to the judgment of that court remanding him to the custody of the sheriff.

What was the cause of the imprisonment from which he was thereby discharged, does not appear in this record of proceedings before the Circuit Court, brought up by this writ of error. What facts appear of record in another case cannot be assumed, but should be proved by the record.

There is therefore nothing before us showing facts or questions of law arising in the cause upon which the errors here assigned can be grounded. It was not shown to the Circuit Court that Powell had been previously arrested by a warrant of the Governor, nor for what cause he had been arrested and from which arrest he was discharged by the judgment of this court. The warrant under which he is now held bears date July 2, 1884, a day subsequent to the former proceeding, and appears to be in due form of law.

There is no error apparent in the proceedings and judgment sought to be reversed by the present writ, and the judgment must be affirmed.