J. L. PAXON, *Plaintiff in Error,* v. D. W. MORAN, SHERIFF, *Defendant in Error.*

Opinion Filed November 19, 1918.

Petition for Rehearing Denied December 21, 1918.

A party arrested in D. County on a warrant issued in T. County and not endorsed as required by the Statute for service in D. County, was discharged on *habeas corpus,* and was again arrested on the warrant which had been properly endorsed since the first arrest is in a subsequent *habeas corpus* proceeding, properly remanded to be held under the warrant duly endorsed.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Bart A. Riley* and *W. D. Payne,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—It appears that a warrant of arrest on a criminal charge was issued in Taylor County and served in Dade County without being "endorsed by some judge or justice of the peace living in" Dade County as required by Section 3928, General Statutes, 1906, Florida Compiled Laws, 1914, as a prerequisite to its validity for service in another county. The defendant was discharged on habeas corpus. Immediatey on such discharge the defendant was again arrested on the warrant, it having then been duly endorsed in Dade County subsequent to the first arrest and prior to the discharge of the petitioner on the first habeas corpus writ. On another proceeding on habeas corpus the petitioner was remanded and was allowed a writ of error. As the due endorsement of the warrant by a proper officer of Dade County gave validity to the warrant for service in that county, the second arrest was not illegal, even though a previous arrest had been made on the warrant which was then not valid for an arrest in Dade County. The discharge of the petitioner was *res adjudicata* as to the validity of the writ for service in Dade County before its proper endorsement; but having been made valid for an arrest in Dade County by the official endorsement in that county, the writ was then effective, though it had been held ineffective before the endorsement. For purposes of an arrest in Dade County the warrant was not identical in legal effect before and after its endorsement.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.