THEODORE JOHNSON, *Plaintiff in Error*, v. W. S. LINDSEY, SHERIFF OF PINELLAS COUNTY, FLORIDA, *Defendant in Error*.

## Division A.

## Opinion Filed February 21, 1925.

1. We know of no such practice as that of moving to quash a writ of *habeas corpus* because of defects in the petition upon which it was issued. The inquiry in such cases is not as to the technical formality of the showing made to the court for the issuance of the writ, but as to the legality of the alleged detention of the prisoner. In such inquiry the parties are not limited to the matters specifically set forth in the petition for the writ, but may go outside of these and enquire into any matter that affects the legality of the detention.

2. If a petitioner in *habeas corpus* contends that his detention is unlawful because of the invalidity of the process or proceedings under which he is held, copies of such processes or proceedings should be annexed to, or the essential parts thereof set out in the petition, and it is not necessary for him to attach certified copies or authenticated records of such processes and proceedings, but if the allegations of the petition are denied, it is incumbent upon the petitioner to prove by the records what occurred in the former proceedings.

3. In *habeas corpus* proceedings, the doctrine of *res adjudicata* is not applicable where it is shown on a second application that a state of facts or condition exist different from those that existed at the time the first judgment of discharge was rendered, but it does apply to a judgment discharging a prisoner where no new state of facts or change of condition is shown.

3. *Habeas corpus* will lie where the original detention was legal, but has become illegal by reason of matters *ex post facto*, as where the prisoner has been pardoned; or where a person is restrained of his liberty under a judgment of conviction containing a sentence which has been served, or when the judg-

ment under which he was imprisoned has been reversed. Likewise, where the judgment under which a defendant in a civil action is arrested and confined is thereafter satisfied, the defendant, if he is not promptly released, may sue out a writ of *habeas corpus* and obtain his discharge.

A Writ of Error to the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Judgment reversed.

*Macfarlane & Pettingill,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh* Assistant Attorney General, for Defendant in Error.

BROWNE, J.—Theodore Johnson, convicted in Pinellas County on the 16th of January, 1923, of unlawfully having in his possession intoxicating liquor, was sentenced to pay a fine of $400.00, and to serve a period of six months in the county jail.

The court added to its sentence, "but the six (6) months in the county jail be suspended on the good behavior of Theodore Johnson."

On the 3rd day of July, 1924, a commitment was issued upon the judgment and sentence imposed on the 16th of January, 1923, and the sheriff of Hillsborough County took the petitioner in custody. No commitment was issued prior to the third day of July, 1924. The defendant Johnson remained continuously in the county of Pinellas, and was not taken in custody nor confined in jail, although the judgment and sentence went into operation on the 16th of January, 1923, when the sentence was imposed.

On the 3rd day of July, 1924, the sheriff of Pinellas County took the petitioner in custody and delivered him to the sheriff of Hillsborough County, who was to deliver him

to the Superintendent of Convicts of Hillsborough County to work upon the public roads of that county, under an arrangement existing between the County Commissioners of Hillsborough and Pinellas Counties, whereby a person sentenced to hard labor in the county jail of Pinellas County should be transferred to Hillsborough County to serve his sentence.

The commitment was not issued until nearly eighteen months after the sentence of six months imprisonment was imposed, notwithstanding the prisoner remained in Pinellas County all that time, and could have been taken in custody by the sheriff at any time, and confined in jail under the terms of the sentence.

While the prisoner was in the custody of the sheriff of Hillsborough County, he applied for and obtained a writ of *habeas corpus.*

Prior to a hearing on the writ, notice was given to the State Attorney of the 13th Circuit for Hillsborough county, that petitioner had applied for and obtained a writ of *habeas corpus*, and that the Hon. F. M. Robles, Judge of that court, had ordered the production of the body of Johnson before him on July 9, 1924.

There was a hearing before Judge Robles, at which time it is alleged that C. B. Parkhill, State Attorney for the 13th Circuit, was present.

The sheriff of Hillsborough County made return to the writ that he was holding Johnson in custody by virtue of a commitment issued out of the County Court of Pinellas County, and that Johnson had been delivered to him together with the commitment, by the sheriff of Pinellas County with directions that Johnson should be delivered to the Superintendent of Convicts of Hillsborough County pursuant to an arrangement between the County Commissioners of Hillsborough County and Pinellas County,

whereby county convicts of Pinellas County are contracted to work on the public roads of Hillsborough County.

A copy of the commitment was attached to the sheriff's return from which it appeared that it was to enforce the penalty imposed by the County Court of Pinellas County on January 16, 1923.

After hearing arguments of counsel for petitioner and the State Attorney, the Circuit Judge found that Johnson had "fully expiated the sentence imposed upon him by the County Court of Pinellas County, Florida, on the 16th day of January, 1923, under and by virtue of which judgment and sentence the commitment in the possession of W. C. Spencer, sheriff of Hillsborough County, was issued under the alleged authority whereof the said Spencer (sheriff) as aforesaid claims to hold petitioner; that the said petitioner Theodore Johnson is unlawfully deprived of his liberty within the limits of Hillsborough County, Florida, within the jurisdiction of this court, and no sufficient cause for the detention of Theodore Johnson appearing," it was "Ordered and adjudged that in view of the expiation of the sentence aforesaid and the unlawful imprisonment of the petitioner Theodore Johnson as aforesaid, that W. C. Spencer, sheriff of Hillsborough County, Florida, the respondent named in said petition, be and he is hereby ordered forthwith to release and discharge said Theodore Johnson from the imprisonment and detention under the commitment aforesaid."

The petitioner avers that immediately upon the issuance of the order of the Circuit Judge that he be discharged from custody, he was re-arrested by the sheriff of Hillsborough County and delivered to the sheriff of Pinellas County, and by him confined in jail in Pinellas County. Whereupon he applied for and obtained a writ of *habeas corpus* from the Judge of the Circuit Court of Pinellas County.

The sheriff of Pinellas County filed a motion to quash the writ of *habeas corpus* setting up certain grounds, which we will dispose of in their order.

The petition for *habeas corpus* duly and properly set out all matters essential to bring before the court all questions necessary for the proper consideration and determination of the issues.

The motion to quash the writ of *habeas corpus* is based upon alleged insufficiencies and defects in the petition upon which it was issued.

This court in passing upon the appropriateness of a motion to quash a writ of *habeas corpus* because of defects in the petition, said: "We know of no such practice as that of moving to quash a writ of *habeas corpus* because of defects in the petition upon which it was issued. The inquiry in such cases is not as to the technical formality of the showing made to the court for the issuance of the writ, but as to the legality of the alleged detention of the prisoner. In such inquiry the parties are not limited to the matters specifically set forth in the petition for the writ, but may go outside of these and enquire into any matter that affects the legality of the detention. The writ of *habeas corpus* is a writ of right and is sometimes issued upon very informal application. In the history of this court such a writ was issued by this court upon receipt by it of an informal letter from a colored prisoner in jail, and upon the hearing he was discharged from custody. *Ex Parte* Pells, 28 Fla. 67, 9 South. Rep. 833." Crooms v. Schad, 51 Fla. 168, 40 South. Rep. 497.

The court sustained the motion to quash and remanded the prisoner and this is assigned as error.

The first ground of the motion to quash is that the petition on which the writ was based is bad, because it shows that "W. S. Lindsey holds the petitioner in his official capacity as sheriff of Pinellas County, Florida, and the pe-

tition and the writ are addressed to him individually.''
The petitioner alleged that he is unlawfully deprived of his
liberty by "W. S. Lindsey, Sheriff of Pinellas County.''
The writ is addressed to "W. L. Lindsey, Sheriff of Pinel-
las County, Florida, and his deputies and to each and every
one of them.''

The respondent recognized that the writ was addressed
to him as sheriff, for he began the motion to quash in these
words, "Comes now the respondent, W. S. Lindsey, as
sheriff of Pinellas County, and moves the court," etc.

We think it sufficiently appears that the petition re-
ferred and the writ was directed, to him in his official ca-
pacity as sheriff of the county, if it were necessary to do
this, which we do not hold.

The second and third grounds of the motion to quash,
predicated upon the theory that in a petition for *habeas
corpus* all the evidence relied upon to establish the wrong-
ful detention, must be submitted with the petition, is with-
out merit.

If the petitioner contends that his detention is unlawful
because of the invalidity of the process or proceedings un-
der which he is held, copies of such processes or proceed-
ings should be annexed to, or the essential parts thereof set
out in the petition. This was done. Craemer v. State of
Washington, 168 U. S. 124, 18 Sup. Ct. Rep. 1; Low Wah
Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. Rep. 734.

Had the respondent denied the allegations of the petition,
it would then have been incumbent upon the petitioner to
prove by the record what occurred in the former proceed-
ings.

The fourth ground of the motion to quash, that the peti-
tion contains "merely legal conclusions of the pleader, and
not issuable facts" is not supported by examination of the
petition.

The fifth ground, "that no proper or timely notice was given to the State of the former hearing."

It appears from the order of the Circuit Judge for Hillsborough County, discharging the prisoner, a copy of which is attached to and made a part of the petition under consideration, that the sheriff made his return and the State Attorney appeared at the hearing and argued the case for the State, which makes this ground of the motion appear frivolous. Even if the State Attorney had not been notified and had not appeared, that was a matter for the Circuit Judge who ordered the discharge of the petitioner, and not one for the consideration of the Judge of another circuit on a subsequent hearing of an application for writ of *habeas corpus.*

The sixth ground is that "the petition is insufficient in substance and law."

Under this ground is presented the question of the effect in *habeas corpus* proceedings of a discharge from custody in a previous application for *habeas corpus,* where the cause of the second detention is shown to be the same as that of the first, and no new circumstances have arisen, which did not exist at the time when the first discharge was granted.

This question was raised in *Ex Parte* Powell, 20 Fla. 806, but was not passed upon, because the cause of the first arrest was not shown.

The question was next before this court in Paxon v. Moran, 76 Fla. 463, 80 South. Rep. 313, where it was said: "The discharge of the petitioner was *res adjudicata* as to the validity of the writ for service in Dade County before its proper endorsement; but having been made valid for an arrest in Dade County by the official endorsement in that county, the writ was then effective, though it had been held ineffective before the endorsement. For purposes of an

arrest in Dade County the warrant was not identical in legal effect before and after its endorsement."

From this the implication is unavoidable that while the doctrine of *res adjudicata* is not applicable where it is shown on a second application that a state of facts or condition exists different from those that existed at the time the first judgment of discharge was rendered, it does apply to a judgment discharging a prisoner where no new state of facts or change of conditions is shown.

That this is the sound rule, appears from the decisions in other jurisdictions. 21 Cyc. 349; Turgson v. Bean, 109 Me. 189, 83 Atl. Rep. 557; In re Crow, 60 Wis. 349, 19 N. W. Rep. 713; In re Breck, 252 Mo. 302, 158 S. W. Rep. 843; Weir v. Marley, 99 Mo. 484, 12 S. W. Rep. 798; McConologue's Case, 107 Mass. 154; United States v. Chung Shee, 71 Fed. Rep. 277, affirmed in 76 Fed. Rep. 951.

The seventh ground of the motion to quash, is that it affirmatively appears from the petition that the "relief is sought from imprisonment on a judicial sentence, and therefore, *habeas corpus* is not the proper remedy."

The petitioner alleges that the term for which he was sentenced to be imprisoned has expired. The case, therefore, comes within the rule laid down in Ruling Case Law, Vol. 12, p. 1210.

"*Habeas corpus* will lie where the original detention was legal, but has become illegal by reason of matters *ex post facto*, as where the prisoner has been pardoned; or where a person is restrained of his liberty under a judgment of conviction containing a sentence which has been served or when the judgment under which he was imprisoned has been reversed. Likewise, where the judgment under which a defendant in a civil action is arrested and confined is thereafter satisfied, the defendant, if he is not promptly released, may sue out a writ of *habeas corpus* and obtain his discharge."

See also Northfoss v. Welch, 116 Minn. 62, 133 N. W. Rep. 82, 36 L. R. A. (N. S.) 578, and Notes to Eisen v. Zimmer, (Ill.) 27 Ann. Cas. 1913B, 878.

The court erred in sustaining the motion to quash the writ, and the judgment is reversed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.