JACKSON GRAY, *Plaintiff in Error* v. LEON COUNTY, *Defendant in Error.*

Opinion filed October 9, 1928.

*C. L. Waller* and *W. C. Hodges,* for Plaintiff in Error;

*William Blount Myers,* for Defendant in Error.

CHILLINGWORTH, Circuit Judge:

The plaintiff a constable in Leon County, sued Leon County for $135.55, as his fees in a criminal case. The warrant was issued by a justice of the peace in Leon County, and served by the sheriff in Manatee County. Plaintiff on being notified of the arrest, went to Manatee County. Plaintiff took the accused in custody and returned with him, all without any objection on the part of the accused. The accused was duly tried, convicted and sentenced. The sentence and costs were paid, including the amount of $135.55, as fees of the constable. The warrant was not endorsed by a judge or justice of the peace living in Manatee County, as provided by Sec. 6027, Rev. Gen. Stats. of Florida. The defendant contends that without this endorsement plaintiff can not recover anything for his fees. Judgment on the pleadings was entered for defendant.

The lack of endorsement pertains to the validity of the arrest. Paxon v. Moran, 76 Fla. 463, 80 So. R. 313. It does not affect the right of the constable to receive his fees. The executive officer of the court, having fully performed his duty, was entitled to compensation as provided by law.

Reversed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed.

WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

478

ELLIS, J.—There was no legal liability upon the county to pay the legal costs and expenses of the plaintiff including his fees because the defendant Abner was neither insolvent nor was he discharged. He was convicted and paid his fine which went into the county treasury. He also paid the legal costs, expenses including fees of the plaintiff. There is no provision for such sums being paid into county treasury. See Art. 16 Sec. 9 Amended 1894. The county therefore had no concern in the case made by the declaration nor the points presented by the second plea. It was liable on this common count of money paid to the use of the plaintiff and for money received by it for the plaintiff's use.

The case was tried on a wrong theory.

Judgment should be reversed with leave to amend declaration in accordance with the views expressed above.