**JOE TRAYLOR, GEORGE PERRY, I. C. HALL, ELMO BEVILLE and C. M. BROWN, as County Commissioners of Sumter County, Florida, and ROY CARUTHERS, as Clerk of the Circuit Court of Sumter County, Florida, v. THE STATE OF FLORIDA, upon the relation of W. T. COLEMAN, as Sheriff of Sumter County, Florida.**

9 So. (2nd) 417             Special Division B
August 18, 1942

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany Turnbull, Special Assistant Attorney General, and James W. West, for appellants.

John W. Muskoff and Carroll W. Fussell, for appellee.

TERRELL, J.:

Alternative writ of mandamus was issued from the Circuit Court of Sumter County directed to appellants commanding them to audit and pay a certain amount claimed by appellee for transporting a prisoner from Williston in Levy County to the County jail at Bushnell in Sumter County or to show cause why they refused to do so. Motion to quash the alternative writ was denied; peremptory writ was ordered and this appeal was prosecuted.

The question presented is whether or not the sheriff is permitted to charge mileage for the return of a prisoner to his county when he is arrested in another county.

The answer to this question turns on the interpretation of that part of Section One, Chapter 20943, Acts of 1941, as follows: "Removal of prisoner to or from jail per mile each way 12½ cents." Section One is a schedule of fees allowed sheriffs of the several counties for services rendered and no other provision has reference to the service in question.

Chapter 20943 is not materially different from other statutes that have been on the books for nearly one hundred years regulating the same subject matter except as to the compensation prescribed and new services that have been imposed on the sheriff from time to time. It is admitted that the sheriff is entitled to charge twelve and one half cents per mile each way for his services for returning a prisoner to the jail in his county when arrested in another county but appellants contend that no such charge can be made for transporting the prisoner. The court below held to the contrary and it is shown that this holding accords

with the departmental construction that has been given the Act from time to time.

Appellants base their contention on the fact of an omission of a provision similar to that brought in question from Chapter 7886, Acts of 1919 having the same purpose. They admit however that actual subsistence for the return of the prisoner be charged. If this had been the intention of the Legislature we see no reason for repeating the provision quoted here in the Act since the charge admitted to be proper is stated elsewhere in the same Section.

This Court approved such a charge in Gray v. Leon County 96 Fla. 476, 118 So. 305. We do not see that the showing is sufficient to reverse the trial court so his judgment is affirmed.

WHITFIELD, Acting Chief Justice, BUFORD and CHAPMAN, JJ., concur.