**WILLIAM E. LEE v. TODD TUCKER, as Sheriff of Pinellas County, Florida.**

37 So. (2nd) 582                                    June Term, 1948
November 23, 1948                                    Division A

*Whitaker Brothers* and *Joseph E. Gillen,* for petitioner.

*J. Tom Watson,* Attorney General, *Sumter Leitner, Reeves Bowen* and *Rebecca Bowles Marks,* Assistant Attorneys General, for respondent.

SEBRING, J.:

This is a habeas corpus proceeding in which the petitioner challenges the sufficiency of a criminal information drawn under section 806.06 Florida Statutes 1941, F.S.A. which provides, in part, that any person "who wilfully and with intent to injure or defraud the insurer . . . causes to be burned, or . . . counsels or procures the burning of any building . . .

which shall at the time be insured . . . against loss or damage by fire, shall be guilty of a felony . . ."

The first count of the information charges, in substance, that the petitioner, on August 11, 1947, wilfully and with intent to injure and defraud an insurance company, unlawfully caused a certain building insured by said company to be burned, by counseling and procuring one Allen to set fire to and burn the building and that Allen in furtherance of said counseling and procuring by the petitioner hired one Mitchell to burn the building, which the latter did on August 25, 1947. The second count charges, in substance, that the petitioner, on August 11, 1947, wilfully and with intent to injure and defraud an insurance company, unlawfully counseled and procured the burning of a certain building insured by said company, by counseling and procuring one Allen to set fire to and burn the building and that Allen in furtherance of said counseling and procuring by the petitioner hired one Mitchell to burn the building, which the latter did on August 25, 1947.

The question in the case is whether the information charges the petitioner with the commission of any crime under the statute, or advises him of the nature and cause of the accusation against him.

It is a fundamental principle of law that he who procures a felony to be committed is himself a felon, though the criminal act done is by the intervention of a third person. McDaniel and Others, Foster's Crown Law p. 121. However, before one may be held accountable for a crime committed by another it must appear that there has been some communication between the persons involved sufficient to establish the fact of a criminal connection between such persons and that the crime was committed by the counsel, procurement or instigation of the first mover. As illustrative of the principle, it is held that if A counsels or procures B *to precure some third person* to commit a crime, A will be liable for the acts done by such third person, even though A does not know who such third person is to be. Rex v. Cooper, 5 Car & P. 535; Rex v. Kirkwood, 1 Moody Cr. Cas 304; 22 C.J.S. 165, Criminal Law Sec. 93; 1 Wharton's Criminal Law, 339, 11th. ed; 1 Chitty's Criminal Law 262; 1 Brill's Cyclopedia Criminal Law p. 437,

Sec. 241. And, on principle, it would seem that A would be liable where he counsels or procures B *to cause a certain crime to be committed* and B procures C to commit the crime; or where he procures B to commit a certain crime and B, *in pursuance and execution of a general understanding or arrangement between himself and A growing out of the counselling and procuring by A that such a crime will be committed* hires or procures C to assist in or actually commit the criminal physical act—although we do not decide the point. While in each of these situations A may not know the third person who actually executes the criminal physical act, a sufficient criminal connection would seem to exist between C and A to establish the fact that the crime was committed by C at the instigation of A, even though the criminal physical act was done by the intervention of B, the intermediate agent.

No sufficient criminal communication or connection between the petitioner and Mitchell is averred in the counts of the information under attack. The gist of the first count is that the petitioner *caused* a certain building to be burned by counseling and procuring one Allen to burn it and that Allen hired Mitchell to commit the act. The gist of the second count is that the petitioner *counseled and procured* one Allen to burn the building and that Allen hired Mitchell to do the act. In neither count is it made to appear that Mitchell was induced to burn the building as the result of any act, counsel, procurement or command of the petitioner.

Because of the total lack of appropriate allegations showing or tending to show a causal relation between the original felonious intent of the petitioner to defraud the insurance company and the subsequent act of Mitchell in burning the building, it cannot be said, as a matter of law, that the pleading charges the petitioner with having been the instigator of the criminal act committed by Mitchell.

Accordingly, the petitioner should be discharged from custody under the said information by virtue of which he is held, because of the fact that it fails to charge the petitioner with the commission of a crime under the statute.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.