Habeas corpus proceeding by William E. Lee against Todd Tucker, as Sheriff of Pinellas County.
Petitioner remanded to custody.
In William E. Lee v. Todd Tucker, as Sheriff, Fla., 37 So.2d 582, the petitioner instituted a habeas corpus proceeding in this court to test the sufficiency of an information which attempted to charge him with the burning of a certain building insured against loss by fire with intent to injure and defraud the insurer, in violation of section 806.06 Florida Statutes, 1941, F.S.A. The information was held insufficient for reasons stated in the opinion of this court, and the petitioner was discharged from custody. Subsequently, the prosecuting authorities filed another information against petitioner based upon the same general subject matter and he is now before this court challenging the sufficiency of the information under which he is presently being held.
The present information is drawn under section 806.06, Florida Statutes, 1941, F.S.A., which provides, in part, that any person "who willfully and with intent to injure or defraud the insurer * * * causes to be burned or * * * counsels or procures the burning of any building * * * *Page 50 
which shall at the time be insured * * * against loss or damage by fire, shall be guilty of a felony * * *."
The challenged information charges, in substance, that the petitioner, on August 11, 1947, with intent to injure and defraud Michigan Fire and Marine Insurance Company, a fire insurance company, unlawfully and wilfully counseled and procured the burning of a building then and there insured against fire by said insurer, and did cause said building to be burned, by counselling and procuring one Allen to burn and cause said building to be burned and that Allen, in furtherance of and pursuant to said counsel and procurement of and by petitioner and in execution thereof and in behalf of petitioner, did procure and cause said building to be burned by unlawfully and wilfully arranging with and procuring one Mitchell to set fire to and burn the building, that Mitchell pursuant to the counsel and procurement aforesaid did unlawfully and wilfully set fire to said building.
The petitioner maintains that the information wholly fails to charge the petitioner with the commission of any crime or to advise him of the nature and cause of the accusation against him.
The contention is not well founded. In William E. Lee v. Todd Tucker, as Sheriff, supra, it was held that "he who procures a felony to be committed is himself a felon, though the criminal act done is by the intervention of a third person. McDaniel and others, Foster's Crown Law, p. 121. However, before one may be held accountable for a crime committed by another it must appear that there has been some communication between the persons involved sufficient to establish the fact of a criminal connection between such persons and that the crime was committed by the counsel, procurement or instigation of the first mover."
The gist of the charge in the information is that the petitioner with intent to defraud the insurance company wilfully caused a certain building insured by said company to be burned by counselling and procuring one Allen to burn and cause the building to be burned; that in furtherance of and pursuant to said counsel and procurement and in execution thereof and in behalf of the petitioner the said Allen caused the building to be burned by unlawfully and wilfully arranging with and procuring Mitchell to do the act; that Mitchell in pursuance of the said counsel and procurement unlawfully and wilfully set fire to the building. In our view a sufficient criminal communication or connection between the petitioner and Mitchell has been averred in the information.
The next contention of the petitioner is that the information is wholly insufficient because it fails to charge that when the agent Mitchell burned the building pursuant to his arrangement with Allen, he did so with intent to injure and defraud the insurance company. There is no merit to this contention. The prosecution under the information is not against Allen, the go-between, or Mitchell, the person who fired the building, but against the petitioner, the person who with intent to injure and defraud the insurance company caused, counselled and procured the criminal act to be done. The guilt of the petitioner for the substantive offense denounced by the statute is not dependent upon any criminal intent on the part of Mitchell to defraud the insurer but rests squarely upon his own criminal intention in the matter and his successful efforts in causing and procuring the building to be burned in accomplishment of such criminal intention.
It is finally submitted by the petitioner that the final judgment rendered by this court in William E. Lee v. Todd Tucker, as Sheriff, supra, is conclusive and res judicata of the facts there involved and that inasmuch as the information now under attack is with respect to the same subject matter considered in the prior habeas corpus proceeding the State of Florida is estopped from prosecuting the petitioner "upon a new information containing substantially the same allegations" as appeared in the prior information. *Page 51 
The contention of the petitioner in this regard must be rejected. While a discharge in a habeas corpus proceeding will usually terminate a pending proceeding against a petitioner, it will not necessarily prevent the institution of a subsequent prosecution against him under proceedings which are legal and sufficient and which have removed illegalities or supplied substantial defects or deficiencies on account of which the order of discharge was granted; an order of discharge in habeas corpus being res judicata only as to the questions presented under the same state of facts as were present in the first proceeding. See State ex rel. Cacciatore v. Drumright, Acting Judge, et al.,116 Fla. 496, 156 So. 721, 97 A.L.R. 154; Johnson v. Lindsey, Sheriff, 89 Fla. 143, 103 So. 419. The facts and conditions appearing in the information under attack are entirely different from the facts and conditions appearing in William E. Lee v. Todd Tucker, as sheriff, supra. In the first information there was a "total lack of appropriate allegations showing or tending to show a causal relation between the original felonious intent of the petitioner to defraud the insurance company and the subsequent act of Mitchell in burning the building." The information failed therefore, as a matter of law, to charge the petitioner "with having been the instigator of the criminal act committed by Mitchell," and hence failed to charge the commission of any crime by the petitioner. Compare William E. Lee v. Todd Tucker, as Sheriff, supra. An entirely different situation obtains with respect to the information now under attack. A set of facts and conditions not appearing in the first information are now made to appear in the second information, and under them the petitioner is liable to criminal prosecution for the substantive crime denounced by section 806.06, supra. The doctrine of res judicata is therefore not applicable.
Other questions raised by the petitioner have been duly considered and we find them to be without merit.
The petitioner should be remanded to the custody of the respondent to be held by him for trial under the information by virtue of which he is now being held.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.