DOWNEY, Judge.
The central issue involved in this appeal is whether res judicata applies to a second habeas corpus proceeding arising out of a second attempt to extradite the appellee.
Appellee was originally arrested in Florida in January 1975, pursuant to a demand for extradition initiated by the State of Maine. Appellee filed a petition for writ of habeas corpus in which he attacked all the supporting documents attached to the executive warrant of rendition of the Governor of Florida. Appellee also alleged that he was not present in the demanding state at the time set forth in the indictment supplied the Governor of Florida and that he was not a fugitive from justice. After a hearing on the petition and respondent’s return the court found, among other things, that the petitioner was not physically present in the State of Maine on the dates alleged in the indictment; that the amended indictment included in the supporting documents did not substantially charge petitioner with a crime under the laws of the State of Maine; and that other supporting documents were insufficient. The court thereupon ordered petitioner released from custody and discharged. No appeal was taken from this order.
Pursuant to a second demand from the Governor of Maine to the Governor of Florida appellee was arrested once again on April 18, 1975. Once again appellee filed a petition for writ of habeas corpus and once again on June 9, 1975, the court ordered appellee discharged. It is this latter order of discharge which is here for review.
In the second habeas corpus proceeding appellee asserted all the grounds he assert *510 ed in the first habeas proceeding. In addition he contended the matter was res judi-cata because all the issues raised in the second extradition proceeding had been adjudicated adversely to the state in the first habeas proceeding. Based upon that ground, appellee moved to quash the rendition warrant and asked to be discharged. At the hearing on appellee’s motion the court received in evidence the entire court file in the first habeas corpus proceeding. Upon considering that file, the court found that the documents in the second proceeding were identical in substance to the documents in the first proceeding. The court concluded the issues presented in the second extradition proceeding were res judica-ta, and it ordered the appellee discharged.
Appellant does not here question the circuit court’s procedure in resolving the issues between the parties on motion. Rather the appellant contends that (1) the doctrine of res judicata does not apply to extradition proceedings; and (2) the documents supporting the rendition warrant of the Governor of Florida were adequate. We hold that under the circumstances of this case the doctrine of res judicata applied to the second habeas corpus proceedings and barred them. We therefore affirm the order under review on the first point without considering appellant’s second point.
The Annotation: Habeas Corpus Discharge — Extradiction Bar, 33 A.L.R.3d 1443, 1444, sets forth the pertinent rules in the following manner:
“Generally, whether a discharge on habeas corpus of one held for extradition bars a subsequent extradition proceeding depends on whether the court in the second proceeding is asked to pass upon the same matters or on matters different from those considered by the court in the earlier proceeding. Thus, a discharge in an earlier proceeding will bar a later one within the same jurisdiction based on identical issues and evidence. On the other hand, a discharge because of insufficient process or lack of evidence does not bar a subsequent extradition proceeding and is not res judi-cata in a subsequent habeas corpus proceeding where the process is corrected or additional evidence is presented.” (Footnotes omitted.)
Florida follows the foregoing rules in all habeas corpus proceedings:
“It is the well-established general rule, . that discharge upon habeas corpus operates as a bar and estoppel only as to the particular proceeding or process under review and is res judicata only upon the same question presented under the same state of facts. The principle of res judicata does not apply, in cases of habeas corpus, to a judgment discharging the prisoner, where a new state of facts warranting his restraint is shown to exist, different from that which existed at the time the first judgment was rendered.” 15 Fla.Jur:, Habeas Corpus, § 115, p. 501 (footnotes omitted).
Since the papers filed in the second proceeding seeking appellee’s extradition are substantially identical to those filed in the first proceeding, and since no new evidence was proffered, it seems clear that the appellant was attempting to relitigate the same questions with the same evidence. The suggestion that the appellant can start over again with the same documentation and ask the same court to consider the same matter again is completely out of tune with traditional ideas of American jurisprudence and exemplifies the very concept which gave rise to the doctrine of res judicata.
AFFIRMED.
CROSS, J., and WEAVER, SIDNEY M., Associate Judge, concur.