443 So.2d 363 (1983)
Ernest P. MURPHY, Sheriff of Osceola County, Florida, Appellant,
v.
Paul Lawrence BOEHM, Sr., Appellee.
No. 82-954.
District Court of Appeal of Florida, Fifth District.
December 29, 1983.
*364 Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Osceola County Sheriff Ernest P. Murphy appeals an order granting habeas corpus relief to appellee Paul Lawrence Boehm and discharging him from the further custody of appellant.
In July, 1980, Boehm was arrested in Martin County, Florida, as a fugitive from justice from the State of Ohio. The complaint in support of his arrest, as required by Fla. Stat. § 941.14, stated that Martin County had received credible information from the State of Ohio that Paul Lawrence Boehm had allegedly committed the crimes of escape and felony theft under the laws of that state and had escaped confinement and fled Ohio.
Finding probable cause, the trial court ordered Boehm held for 30 days for extradition purposes. Subsequently, a second order continued the appellee's incarceration for another sixty days. At the expiration of the sixty-day period, Boehm was released on his own recognizance by order of the lower court because the "State of Ohio failed to initiate extradition proceedings within 90 days."
On April 13, 1982, Boehm was arrested in Osceola County pursuant to a warrant for his arrest from Clermont County, Ohio. A complaint in support of the arrest was filed April 14, asserting that Boehm stands charged in Ohio with the crime of escape. This is apparently the same charge for which he had previously been picked up in Martin County. A commitment warrant was issued ordering Boehm held pending receipt of a governor's warrant for extradition, and that time was again extended for an additional sixty days.
Before the extended period expired, Boehm filed his petition for habeas corpus, alleging that he was being illegally detained in that his earlier arrest in Martin County and his subsequent release operated as a bar to any further attempt by the demanding state to extradite him on the *365 same facts. At the hearing on the petition and the sheriff's return, the State presented the warrant of the Governor of the State of Florida commanding Boehm's arrest and his delivery to a duly appointed representative of the State of Ohio. § 941.07, Fla. Stat. (1981). The trial court agreed that defendant was being illegally detained, holding that Ohio's failure to "get [its] house in order" during the original 90-day confinement in Martin County did not permit a second arrest on the same facts. Defendant was discharged and the State appeals. We reverse.
Extradition is essentially a federal matter governed by the United States Constitution and federal laws enacted thereunder. State ex rel. Stringer v. Quigg, 91 Fla. 197, 107 So. 409 (1926); State v. Cox, 306 So.2d 156 (Fla. 2d DCA 1974); U.S. CONST. art. IV § 2; 18 U.S.C. § 3182 (1948). In aid of this federal mandate, many states, including Florida, have adopted the Uniform Interstate Extradition Act. See Fla. Stat. §§ 941.01-941.42 (1981). The relevant provisions of Florida's version of the act provide that a person may be lawfully arrested without a warrant "upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year." When such a person is arrested he must be taken before a judge with "all practicable speed" and a complaint must be made against him under oath setting forth the ground for the arrest. Fla. Stat. § 941.14 (1981). Sub judice, both times appellee was arrested he was arrested based upon reasonable information from Ohio that he stood charged with escape and felony theft in Ohio. Based upon this information complaints were filed against him. He was released in Martin County because the governor's warrant was not forthcoming. He filed no petition for habeas corpus, nor was there any adjudication of disputed issues.
Boehm incorrectly relies on Stack v. State ex rel. Kaye, 333 So.2d 509 (Fla. 4th DCA 1976), as support for the order of discharge, but the facts in Stack make that case inapposite. In Stack, the issue was whether res judicata applies to a second habeas corpus proceeding arising out of a second attempt to extradite the appellee. Norman Kaye had been arrested in Florida in January 1975 pursuant to a demand for extradition initiated by the state of Maine. He filed a petition for writ of habeas corpus attacking all the supporting documents attached to the executive warrant of rendition of the governor of Florida. He also contended he was not present in the demanding state in the time set forth in the indictment and that he was not a fugitive from justice. Upon a finding that the petitioner was not in the state of Maine on the date alleged in the indictment and that supporting documents insufficiently alleged a crime, the court ordered appellee discharged. Kaye was again arrested on April 18, 1975, on the same charge, pursuant to a second demand from the governor of Maine to the governor of Florida and once again appellee filed a petition for a writ of habeas corpus asserting that the matter was res judicata because all the issues raised in the second extradition proceeding had been adjudicated adversely to the state in the first proceeding. The trial court agreed and discharged Kaye.
On appeal, the Fourth District Court of Appeal held that res judicata did apply to extradition proceedings, and quoting Anno., 33 A.L.R.3d 1443, 1444, set forth the pertinent rules thusly:
Generally, whether a discharge on habeas corpus of one held for extradition bars a subsequent extradition proceeding depends on whether the court in the second proceeding is asked to pass upon the same matters or on matters different from those considered by the court in the earlier proceeding. Thus, a discharge in an earlier proceeding will bar a later one within the same jurisdiction based on identical issues and evidence. On the other hand, a discharge because of insufficient process or lack of evidence does not bar a subsequent extradition proceeding and is not res judicata in a subsequent habeas corpus proceeding where *366 the process is corrected or additional evidence is presented.
333 So.2d at 510.
Sub judice, there was no "adjudication" upon which Boehm was earlier released in Martin County. Rather, he was released from custody because the time within which he could be held pending receipt of the governor's warrant had expired. See §§ 941.15 and 941.17, Florida Statutes (1981). Without an earlier adjudication of law and facts, there would be nothing for the doctrine of res judicata to operate on. As far back as Kurtz v. State, 22 Fla. 36 (1886), the Supreme Court of Florida rejected the contention that res judicata barred a later extradition proceeding where two earlier habeas corpus discharges had resulted from insufficiency of process. Later decisions make it clear that discharge upon habeas corpus operates as a bar and estoppel only to the particular proceeding or process under review and is res judicata only upon the same question presented under the same set of facts. State ex rel. Cacciatore v. Drumbright, 116 Fla. 496, 156 So. 721 (1934); Lee v. Tucker, 42 So.2d 49 (Fla. 1949).
Because a duly executed governor's warrant for the arrest and extradition of Boehm was presented at the hearing, together with supporting documents and testimony, and no issues were presented by the habeas corpus petition which had previously been adjudicated by any court, Boehm's discharge for res judicata reasons was erroneous. The judgment discharging Boehm is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COWART, J., and WATSON, Associate Judge, concur.