State of Minnesota, *ex rel.* Bartholomew Zugschwerd, *vs.* Nils M. Holm.

November 7, 1887.

**Habeas Corpus—Discharge for Defect of Proof—Subsequent Prosecution.**—A discharge upon *habeas corpus* for defect of proof, as provided in Gen. St. 1878, c. 80, § 46, merely terminates the proceeding under which the party was held, so that he cannot be further prosecuted, except by a new proceeding instituted on sufficient evidence given in that proceeding.

**Same—Subsequent Complaint and Warrant.**—A complaint and warrant for his rearrest need not be any different from what they would be if there had been no prior arrest and discharge.

*Habeas corpus,* directed to the respondent Nils M. Holm, sheriff of Meeker county, with an ancillary writ of *certiorari,* directed to A. T. Koerner and James B. Atkinson, justices of the peace, to bring up the record of the proceedings upon which the relator was committed to the custody of the respondent Holm. Upon the returns the respondent moved to quash the writs.

*S. A. Plumley,* for relator.

*J. M. Russell,* for respondent.

GILFILLAN, C. J. The relator was arrested for a criminal offence, upon a warrant from a justice of the peace, and after an examination was committed to await the action of a grand jury. He thereupon sued out a writ of *habeas corpus* from the district court, and upon that writ was discharged for defect of proof on the examination. Afterwards another complaint against this relator for the same offence was presented to the justice. This complaint was in writing, subscribed and sworn to by the complainant before the justice, and by its averments showed the offence to have been committed by this relator. Upon it the justice issued his warrant in the usual form for the arrest of the relator. There can be no question that this complaint and warrant were sufficient, unless the proceedings on the prior prosecution and the *habeas corpus* required something more. He was arrested on the warrant, and taken before the justice, and thereupon pleaded his discharge upon the writ of *habeas corpus*, and that proper proceedings had not been taken to justify his rearrest, and he asked to be discharged from arrest. This was refused, and he was again committed. Thereupon he sued out another writ of *habeas corpus* from the district court, which court discharged the writ, and remanded him to the custody of the sheriff. He then sued out from this court these writs, being the writ of *habeas corpus*, running to the sheriff, and, as ancillary to it, the writ of *certiorari*, running to the justice, and requiring a return to this court of all the proceedings upon the complaint. The case is here on those two writs, and the returns to them.

As we understand the relator, he claims that under Gen. St. 1878, c. 80, § 46, where one committed upon an examination for an offence charged has been discharged upon *habeas corpus* for defect in the proof on the examination, a new warrant for the same offence cannot be legally issued against him, unless the defect in the proofs on the prior examination is cured; that this is a jurisdictional prerequisite; and that it must appear in the warrant; and, otherwise, the proceedings are void. The part of section 46 upon which this claim is based reads: "No person who has been discharged upon a *habeas corpus* shall be again imprisoned or restrained for the same cause, unless indicted therefor, * * * or unless, after a discharge for de-

fect of proof, * * * he is again arrested *on sufficient proof,* and committed by legal process." As we construe this provision, its intent is that a discharge upon *habeas corpus* for defect of proof shall terminate the proceeding under which the person was detained, so that he cannot, under that proceeding, be further restrained of his liberty; and so that any further prosecution for the same offence must be by a new proceeding, instituted as all criminal prosecutions, whether after a discharge on *habeas corpus* or not, are required to be, on sufficient proof given in the proceeding.

To require, on an application for a new warrant, any more than is required on any application for a warrant, might lead to serious inconvenience. As, if the officer to whom the application for the new warrant is made knows nothing of the prior arrest and discharge, how is he to know that he ought to require more in the way of proof, or to insert more in the warrant, than on any other application?

Writs quashed, and relator remanded.