HERMAN STEINKUHLER V. STATE OF NEBRASKA.

FILED OCTOBER 18, 1906. No. 14,648.

1. **Criminal Law**: JEOPARDY. To constitute a former jeopardy, it must appear that the defendant was put upon trial before a court having jurisdiction, upon an indictment or an information sufficient in form and substance to sustain a conviction, and that the jury were impaneled and sworn, and thus charged with his deliverance.

2. **Intoxicating Liquors**: ILLEGAL SALE: EVIDENCE: INSTRUCTIONS. In a prosecution under section 20, ch. 50, Comp. St., for keeping intoxicating liquors for sale in violation of law, the possession of such liquors by the accused is presumptive evidence of guilt in the district court, as well as before the examining magistrate, unless the accused shall satisfactorily account for and explain the possession thereof, and that they were not kept for an unlawful purpose, and it is not error for the district court to so instruct the jury.

3. **Criminal Law**: INSTRUCTIONS. Where, in a criminal prosecution, the court has instructed the jury that the state must prove all of the material averments of the information, naming them, beyond a reasonable doubt, it is not error to afterwards instruct that the burden of proof to establish one of such material averments is

on the state, without again qualifying such statement by the words "beyond a reasonable doubt."

4. ———: ———. It is not error for the court to refuse to give an instruction relating to the matter of a crime for which the defendant is not on trial.

5. Evidence examined, and found sufficient to sustain the verdict.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*W. F. Moran* and *A. P. Moran,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *A. A. Bischof, contra.*

BARNES, J.

It appears from the record in this case that on the 7th day of November, 1904, a complaint was filed before the county judge of Otoe county, charging the plaintiff, Herman Steinkuhler, hereafter called the defendant, with a violation of section 7170, Ann. St., by unlawfully keeping intoxicating liquors for sale. He was arrested, brought before the court, and in due time a preliminary examination was had, which resulted in his being bound over to appear at the next regular term of the district court to answer to said charge. On February 6, 1905, the county attorney of Otoe county filed an information in said court, charging him with a violation of said section; and on the 14th of that month a jury was regularly impaneled to try the cause. After the state had introduced all of its evidence and rested its case, the defendant moved the court to dismiss the information, and discharge him, for the reason that the complaint did not state a cause of action. The court overruled the motion; the defendant rested his case without the introduction of any evidence, and thereupon the county attorney asked leave to file an amended information, which was granted. A juror was withdrawn, and the case was continued until the next regular term of court. Thereafter the county attorney filed an amended information, to which the defendant interposed a plea in

bar, which set out the former information in full, and alleged that the defendant had been theretofore placed in jeopardy by reason of the former proceedings. The state demurred to this plea; the demurrer was sustained, and the defendant excepted. Thereafter a jury was impaneled, and the cause tried, over the defendant's objections. The trial resulted in a conviction; the defendant was sentenced to pay a fine of $100 and costs of the prosecution, and, to reverse said judgment, he has brought the case here by petition in error.

1. Defendant first contends that the court erred in sustaining the state's demurrer to his plea in bar. It appears from the record that the original information charged the defendant with a violation of the section of the statute above mentioned, upon information and belief only. The charging part thereof was as follows: "Be it remembered that A. A. Bischof, county attorney in and for Otoe county, and in the second judicial district of the state of Nebraska, who prosecutes in the name and by the authority of the state of Nebraska, comes here in person into court, at this, the February term, A. D. 1905, thereof, and, for the state of Nebraska, gives the court to understand and be informed that he has reason to believe, and does believe, that intoxicating liquors, to wit, beer, whiskey and alcohol were unlawfully and wilfully kept by one Herman Steinkuhler, in a certain one story frame building (describing it) in the village of Burr, in said county, * * * and that said liquors above described were intended to be, and were, then and there being, by and under the direction of said Herman Steinkhuler, unlawfully and wilfully sold." It will be observed that the information above mentioned, in form and substance, was the same as the one in *Sothman v. State*, 66 Neb. 302, where it was said:

"An information upon which the party charged is to be put on trial, which, instead of charging an offense in positive terms, merely charges that the county attorney 'has reason to believe and does believe' that the acts con-

stituting the offense have been committed by the accused, is vulnerable to a demurrer."

So, it seems clear, that the original information in this case was insufficient to charge the defendant with the commission of any offense against the laws of this state. The rule is fundamental that a prosecution had upon an information which does not charge a person with a crime is no bar to a subsequent prosecution upon a valid information. Maxwell, Criminal Procedure, p. 566. To show a former jeopardy it must appear that the party was put upon trial before a court having jurisdiction, upon an indictment or an information sufficient in form and substance to sustain a conviction, and that the jury was impaneled and sworn, and thus charged with his deliverance. 17 Am. & Eng. Ency. Law (2d ed.), p. 584; *Dulin v. Lillard,* 91 Va. 718. So, we are of opinion that the trial court did not err in overruling the defendant's plea.

2. As a second cause for reversal, defendant claims that the trial court erred in giving instruction No. 5, on his own motion, which is as follows: "It is admitted by the defendant on the stand that certain whiskey was found in his possession on the 7th day of November, 1904, and, so far as the allegation in this information charges the defendant with having whiskey in his possession for the purpose of selling the same on said day, you are instructed that, after the state has shown that the defendant was in the possession of whiskey in his place of business on the 7th day of November, 1904, the law presumes that such liquors were kept in violation of law, and unless the defendant has satisfactorily accounted for, and explained the possession of such liquors, then you would be justified in believing that said whiskey was kept for the purpose of sale. But if, after weighing all the testimony on this point, you believe that the defendant has satisfactorily accounted for the possession of said whiskey, and believe it was not kept by him for the purpose of sale, then you should return a verdict of not guilty, so far as keeping whiskey is concerned."

It is argued by the defendant that the jury should have been instructed, in substance, that, after weighing all of the evidence, if the jury believed that the possession of the whiskey by the defendant had not been satisfactorily accounted for, and that the jury still believed, beyond a reasonable doubt, that the whiskey was kept for the purpose of sale, then the defendant should be found guilty. This is all the argument made in support of the second assignment of error, and we are left somewhat in doubt as to the defendant's reason for urging it. It may be said, however, that this question seems to have been settled by *O'Neill v. State,* 76 Neb. 44, and *Peterson v. State,* 64 Neb. 875, where it was held that, "in a prosecution under section 20, ch. 50, Comp. St., for keeping intoxicating liquors for sale in violation of law, the possession of such liquors by the accused is presumptive evidence of guilt in the district court, as well as before the examining magistrate, unless the accused 'shall satisfactorily account for and explain the possession thereof, and that they were not kept for an unlawful purpose.' "

Again, the record discloses that the court gave the usual charge as to the presumption of innocence, and a further instruction that the jury must be convinced of the truth of all of the material averments of the information (setting out and describing them) beyond a reasonable doubt. So, reading all of the instructions together, we are unable to see how the defendant could have been prejudiced by the instruction complained of.

3. Defendant's third complaint is that the court erred in giving instruction No. 7, on his own motion. By that instruction the jury were told that beer and whiskey were both intoxicating liquors, as that term is used in the statutes. But whether or not the liquids introduced in evidence, known as "Ino," "Hop Ale," and "Nerve Tonic," are intoxicating liquors was a question of fact to be determined from all of the evidence in the case, and the burden of proof was on the state to establish the fact that such liquids were intoxicating liquors, and that said liquors

contained sufficient alcohol to produce intoxication when drunk by an individual. The objection urged against this instruction is, in substance, that the jury should have been told that the state must prove that the liquids therein described were intoxicating beyond a reasonable doubt. It is a sufficient answer to this objection to say that by the instruction complained of the court did not attempt to inform the jury that the fact in question could be established by a preponderance of the evidence. The jury were told that the burden of proof was on the state to establish this fact, and by paragraph No. 3 of the instructions the court had already stated that this fact must be established by the state beyond a reasonable doubt. So, it seems clear that the jury could not have been misled by this instruction.

4. The fourth assignment of error urged is that the court erred in not giving instruction No. 3, requested by the defendant, which is as follows: "You are instructed that, before you can convict the defendant for selling intoxicating liquors without a license, the state must establish, beyond a reasonable doubt, that the liquors introduced in evidence, except the whiskey, contained alcohol in sufficient quantities to produce intoxication of a human being." This assignment cannot be sustained, because the prosecution in this case was not one for selling intoxicating liquors without a license, but was for the crime of keeping such liquors for sale, as defined by section 7170, Ann. St. The instruction treats alone of the crime of selling intoxicating liquors without a license, and has no application to the charge on which the defendant was being tried, and the evidence adduced in support of it. Therefore it seems clear that the court was justified in refusing to give this instruction.

5. Lastly, it is contended that the evidence is insufficient to sustain the verdict. It would serve no useful purpose to quote the evidence contained in the record in order to show that it was sufficient to sustain the conviction. It is enough to say that at the time the warrant

was issued the officer who served it seized, and took charge of, a large quantity of whiskey, consisting of some 30 or more quart bottles; some liquid contained in ordinary beer bottles, labeled "Ino"; a considerable number of such bottles, labeled "Hop Ale," and a liquid called "Nerve Tonic." Now, while some of the defendant's witnesses testified that these liquids were not intoxicating, yet others testified that they had purchased them of the defendant frequently, at his place of business; that they looked like beer and tasted like it, although they did not think they were intoxicating. The bill of exceptions also contains the testimony of the state chemist, who analyzed samples of these liquors and found that all of them contained more or less alcohol, some of them containing about the same proportion thereof as was found by him in "lager beer." It should be stated, at this point, that the defendant alleges error in the introduction of this evidence, but as no reasons are given to support this assignment we are constrained to disregard it, and hold the evidence to be competent. It was further shown that the bottles of liquids in question were procured by the defendant of the "Storz Brewing Company" of Omaha, Nebraska, and that he receipted at the express office for, and took into his possession the whiskey which was found in his place of business. It is true that the defendant's brother and another witness testified that the whiskey belonged to them, yet, notwithstanding this testimony, the jury were justified in disbelieving these witnesses, and in finding that the liquors belong to, and were kept· by, the defendant with the intent and for the purpose of unlawfully selling them.

From an examination of the whole record, we are satisfied that the defendant had a fair trial; that the evidence was sufficient to sustain the verdict; that the record contains no reversible error, and therefore the judgment of the district court is

AFFIRMED.