TOM FOSTER, *Plaintiff in Error,* v. J. W. PERRY, AS SHERIFF, *Defendant in Error.*

## Opinion filed February 15, 1916.

1. Due process of law requires that a person shall be duly charged with the commission of an offense and that he be given an opportunity to defend, before he is convicted of the offense, as well as that the offense shall be one duly prescribed and defined by law and that the trial shall be by appropriate procedure in a competent tribunal.

2.  Where a person who was not charged with the commission of
    a criminal offense and not arraigned or tried, is convicted
    of such offense, he may on habeas corpus be discharged from
    custody under such conviction.

Writ of Error to Circuit Court, Columbia County;
M. F. Horne, Judge.

Judgment reversed.

R. Farnell and J. B. Hodges, for Plaintiff in Error;

T. F. West, Attorney General, and C. O. Andrews,
Assistant, for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a
judgment in *habeas corpus* proceedings ordering that the
petitioner be released unless the sheriff shall procure a
commitment according to the judgment of conviction. It
appears that a person named Jesse Messer was charged
by affidavit and warrant in the county judge's court with
the illegal sale of intoxicating liquors; that he was ar-
raigned and plead not guilty; that the cause was con-
tinued, and on a subsequent day the case of the State
of Florida v. Jesse Messer was called for trial when an-
other person named Tom Foster who had been sum-
moned as a witness on behalf of Jesse Messer, answered
to the name of Jesse Messer and did "take his place in
the prisoner's box and impersonated Jesse Messer, and
was identified by name and general appearance by the
witnesses for the State as being Jesse Messer, and also
by the prosecuting witness for the State as being the man
from whom the whiskey was bought." Then it was
shown that another person present in the court room
was in fact Jesse Messer who had been charged with the

offense and who had on a previous day been arraigned and had pleaded not guilty, and had given bond for his appearance at a trial fixed for a subsequent day. A judgment of conviction was rendered against the petitioner on the charge against Jesse Messer. A commitment was issued in the name of Tom Foster and he was taken into custody. He seeks relief on this *habeas corpus* writ

As the person held was not in fact charged with the offense and was not arraigned · and has not pleaded, though testimony was received against him and judgment of conviction was entered against him, the conviction is illegal, and consequently the commitment is invalid.

It has been held that a person convicted of a criminal offense on a fatally defective charge, may on *habeas corpus* be released from custody under such conviction. Ex Parte Bailey, 39 Fla. 734, 23 South. Rep. 552. *A fortiori* a person convicted of a criminal offense without having any charge whatever presented against him, should be released from custody under such conviction on *habeas corpus*.

Due process of law requires that a person shall be duly charged with the commission of an offense and that he be given an opportunity to defend, before he is convicted of the offense, as well as that the offense shall be one duly prescribed and defined by law and that the trial shall be by appropriate procedure in a competent tribunal.

The statutes of the State require trials in criminal prosecutions in the county judge's court to be based upon a warrant duly issued upon an affidavit charging a criminal offense, which charge shall be distinctly read to the accused, who may plead thereto. Secs. 4024, 4025, 4027

and 4041 Gen. Stats. of 1906; ditto Compiled Laws of 1914. In this case, apparently because of mistaken identity, the person convicted of a criminal offense had not been charged with its commission and was not arraigned on any criminal charge. The person who had been charged with the offense was not tried, and a person who had not been charged with the offense was convicted of it. A conviction of the petitioner who was not charged with any offense was unauthorized by law and his detention under such conviction is illegal.

The judgment is reversed and the cause is remanded with directions to discharge the petitioner from custody on the commitment under which he is held.

TAYLOR, C. J.. and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.