CHARLEY BELL, *Plaintiff in Error*, v. G. S. GREGORY, SHERIFF OF GADSDEN COUNTY, FLORIDA, *Defendant in Error*.

## En Banc.

## Opinion Filed March 26, 1925.

1. Where a cause can be fully disposed of without adjudicating constitu:ional questions raised therein, the courts will generally ignore such questions and dispose of the case upon other grounds.

2. On *habeas corpus* proceedings the court will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attachel by law, the party imprisoned is entitled to his discharge.

3. Where a statute makes it a crime to haul stated heavy loads upon highways to be designated by the County Commissioners except by complying wi:h regulations to be prescribed by the Commissioners, an information that does not duly allege that the roads were designated and that the regulations were adopted, is insufficient in stating that a particular load was used in the forbidden way without having complied with the rules and regulations therefor made, &c.

· A Writ of Error to the Circuit Court for Gadsden County; E. C. Love, Judge.

Reversed.

*Y. L. Watson* and *Hugh M. Taylor*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant Attorney General, for Defendant in Error.

WHITFIELD, J.—This writ of error was allowed and taken to a final order in *habeas corpus* proceedings remanding the petitioner to the custody of the sheriff under a commitment based on a judgment of conviction in the County Court of Gadsden County for a violation of Chapter 9442, Acts of 1923.

Sections 2, 4 and 5 of the statute are as follows:

"Sec. 2. It shall be unlawful for any person, firm or corporation to drive or operate or to cause or allow to be driven or operated over any of the improved sand-clay public roads of Gadsden County, Florida, any motor truck, trailer, log cart, log wagon or other vehicle of any kind, when propelled or driven by motor or muscular power, for and in the hauling, dragging or otherwise moving logs or heavy timbers on or over said roads; except upon the written permission of the Board of County Commissioners of Gadsden County, Florida, after such person, firm or corporation has complied with such rules and regulations as may be promulgated and prescribed by the Board of County Commissioners of said County regulating the use of said roads of said vehicles for said purposes.

"Sec. 4. It is hereby made the duty of the Board of County Commissioners of Gadsden County, Florida, to designate briefly and have written into their minutes a list of the improved sand-clay public roads now established and existing in said County and to have said minutes published in one issue of one newspaper published in said County, and to thereafter, as other such roads may be established, to so designate them and have such designation written into their minutes and published as aforesaid.

"Sec. 5. Any person convicted of violating any of the provisions of this Act shall be guilty of a misdemeanor, and shall be punished as provided by law."

It is contended that the statute violates stated provisions of organic law, but if the information is fatally defective it

is not necessary or appropriate to consider the validity of the statute.

Where a cause can be fully disposed of without adjudicating constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case upon other grounds.

On *habeas corpus* proceedings the courts will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attached by law, the party imprisoned is entitled to his discharge. *Ex parte* Bailey, 39 Fla. 734, 23 South. Rep. 552; Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436.

The information on which the conviction was had charges "that Charley Bell of the County of Gadsden and State of Florida, on the 9th day of November in the year of our Lord, one thousand, nine hundred and twenty-three, in the County and State aforesaid, did then and there unlawfully drive and operate over that certain improved sand clay road of Gadsden County, Florida, designated as Aspalaga Road (from Old Spanish Trail to Douglas, Carmichael and Malone's via Edward schoolhouse, John Earnests, Sycamore and Little Sycamore to Liberty County line near Crooked Creek) road, a motor truck and trailer, propelled and driven by motor power, for and in the hauling of heavy logs on and over said road, without having complied with the rules and regulations with reference to the use thereon of such vehicles for such purpose theretofore made by the Board of County Commissioners of said County by applying to said Board for permission so to do and entering into a bond as provided for by said rules and regulations, and without the written permission of said Board of County Commissioners. Contrary to the form of the statute in such case and made and provided, and against the peace and dignity of the State of Florida."

The statute does not designate the particular roads in the county that are improved sand clay public roads, but it contemplates that such roads shall be designated by the county commissioners, and there is no allegation that the roads named in the information had been so designated or that rules and regulations had been prescribed by the county commissioners pursuant to the statute so as to make the law, if valid, operate to render criminal the act of the defendant in operating a motor truck "in the hauling of heavy logs on and over" the roads specified in the information without complying with the rules and regulations. The mere allegation that the defendant did unlawfully operate over a designated improved sand clay road, a motor truck in hauling heavy logs, etc., as alleged "without having complied with the rules and regulations," &c., is not sufficient to show that the operation of a motor truck as alleged on the stated road is a crime under the statute.

Reversed.

WEST, C. J., AND ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.