STATE ex rel. JOE CACCIATORE, v. E. B. DRUMBRIGHT, Acting Judge, Municipal Court of Tampa, et al.

156 So. 721.

Opinion Filed September 11, 1934.
Petition for Rehearing Denied October 22, 1934.

498

*Zewadski & Pierce,* for Plaintiff in Error;

*Alonzo B. McMullen* and *M. Henry Cohen,* for Defendants in Error.

BROWN, J.—Plaintiff in error, Joe Cacciatore, was tried in the municipal court of Tampa, upon a docket charge which ineffectually attempted to allege a violation of City Ordinance Number 455-A. Plaintiff in error interposed a motion to quash on the ground that the facts alleged were insufficient to show a violation of the ordinance. The municipal judge overruled this motion, and after trial entered a judgment of conviction and a sentence of imprisonment. Plaintiff in error then brought a habeas corpus proceeding before the Circuit Court of Hillsborough County, and secured a judgment to the effect that the charge upon which the defendant was being held, and upon which he had been tried and convicted in the municipal court, did not state an offense against either the City of Tampa or the State of Florida, and ordering the petitioner to be discharged from custody. Subsequently, another docket charge was entered in the municipal court which appears to be conceded by plaintiff in error, inferentially at least, to sufficiently charge the defendant with certain acts which do

constitute a violation of said ordinance 455-A. After the arrest of the accused on the latter charge, the accused filed a petition for writ of prohibition in the Circuit Court, claiming that both docket charges charged the same offense, and alleging former jeopardy, in that the accused could not again be tried for the same offense of which he had previously been convicted by the same court, which judgment of conviction stood unreversed and unrevoked. The respondents filed demurrer and answer, and after hearing the Circuit Judge entered an order denying that the petitioner was entitled to the absolute writ upon the alleged ground of former jeopardy, as set forth in the petition, but granting the writ as to any further action by the acting judge on another ground, holding that the regular municipal judge had no right to disqualify himself, which it is not material for us here to consider, as the only assignment of error is that the Circuit Judge erred in denying the absolute writ of prohibition upon the ground of former jeopardy; thus raising a question going to the power of either the regular or the acting judge to proceed further in the case.

Our view is that plaintiff in error, if he was entitled to any remedy at all on the alleged ground of former jeopardy, was certainly not entitled to a writ of prohibition, as that was defensive matter and presented a question that could have readily been raised by plea in the municipal court, which was the proper forum in which to raise it; and, if the action of the municipal court thereon, if and when taken, had been adverse to plaintiff in error, and deemed by him to be erroneous, he could have had an adequate remedy for the review and correction of such supposed error in a higher court, by writ of error, in the regular, orderly and usual procedure in such cases. The municipal court had jurisdiction of the subject matter and the parties, and could have given the accused the benefit of any defense which he was

lawfully entitled to interpose. The writ of prohibition could not properly have been resorted to in order to get an anticipatory ruling on the question by a higher court before giving the municipal court in which the case was pending, and which had the power to act, an opportunity to rule on it. The Circuit Court was therefore acting advisedly when it denied the writ so far as the matter of former jeopardy was concerned.

The writ of prohibition is designed to prevent an inferior court from usurping a jurisdiction with which it is not legally vested, or from exceeding the limits of the jurisdiction with which it is vested. In other words, it lies when there is a total lack of jurisdiction, or action is threatened which would be in excess of jurisdiction. It was never designed to prevent the erroneous exercise of an existing jurisdiction, or to be used as a substitute for a writ of error or appeal. Sherlock v. Jacksonville, 17 Fla. 93; State v. Baker, 20 Fla. 616; State v. Smith, 32 Fla. 476, 14 So. 43; State v. Hocker, 33 Fla. 283, 14 So. 586; State v. Malone, 40 Fla. 129, 23 So. 575; Crill v. State Road Dept., 96 Fla. 110, 117 So. 795.

But plaintiff in error contends that the municipal court was without jurisdiction to proceed with a trial on the second docket charge because its judgment of conviction on the first charge stood unrevoked and unreversed, and both charged the same offense; that therefore its jurisdiction had terminated. (Citing Feger v. Fish, 143 So. 605, 106 Fla. 564.) Conceding for the sake of argument only that, if this contention were well founded in fact, it would afford good ground for a writ of prohibition, the plaintiff in error cannot be heard to assert it, because he obtained a discharge by habeas corpus from imprisonment under said judgment of conviction on the ground that the first docket charge, on which the judgment was rendered, did not state any of-

fense against the ordinances of the city or the laws of the State, and, in effect, that the municipal court judgment based thereon, was void, and furnished no authority for holding the petitioner in custody. This judgment of the Circuit Court in the habeas corpus proceeding amounted to *res judicata* on this question so far as plaintiff in error, and the City of Tampa, and its municipal court, were concerned; and it also stands unrevoked and unreversed.

While there are many cases decided in other states which recognize various exceptions and limitations upon the doctrine of *res judicata* as applied to orders and judgments in habeas corpus proceedings, the general rule in most jurisdictions is that an order or judgment *discharging* a person in such proceedings is conclusive in his favor that he is illegally held in custody and is *res judicata* of all issues of law and fact necessarily involved in that result, and he cannot be again arrested for the same cause; that is, upon the same warrant, indictment or information which was therein held illegal. While it usually terminates the pending proceeding against the petitioner, it does not necessarily prevent the institution of a subsequent prosecution against him under proceedings which are legal and sufficient and which remove the illegalities, or supply the defects, on account of which the order of discharge was granted. See 29 C. J. 178; 15 Am. & Eng. Encyc. of Law, 212-213; 12 R. C. L., 1254. "It is the well established rule, however, that discharge upon habeas corpus operates as a bar and estoppel only as to the particular proceeding or process under review, and is *res judicata* only upon the same question presented under the same state of facts." See 12 R. C. L. 1254, and cases cited. The courts in many states make a distinction between the *res judicata* effect of orders discharging the prisoner and orders refusing to discharge or denying the writ, or remanding the prisoner. See 29 C. J.

179. However, our statute, Section 5441-43 C. G. L., makes a judgment remanding as well as one discharging a prisoner, "conclusive until reversed in the manner" provided by statute. And it further provides that no person who shall be discharged from confinement by such a judgment shall be afterward confined or imprisoned "for the same cause," unless by order or judgment of a court of competent jurisdiction. Section 5444 provides for review of both classes of judgments in habeas corpus proceedings by writ of error. In some states it is held that the effect of such statutes as ours, Sections 5441-5444 C. G. L., is to place a decision in a habeas corpus proceeding on the same footing as a decision in any other suit or proceedings so far as the application of the doctrine of *res judicata* is concerned 29 C. J. 180; 12 R. C. L. 1255. This court, while apparently recognizing this principle as generally applicable, has held that as to cases involving arrests under a Governor's warrant in extradition proceedings, a discharge by habeas corpus, though standing unreversed, would not absolve the prisoner from being arrested a second time on a new warrant issued by the Governor. Kurtz v. State, 22 Florida 36. See also *Ex parte* Powell, 20 Fla. 806. But we have also held that extradition proceedings are *sui generis*. State v. Chase, 91 Fla. 413, 107 So. 541. In Kurtz v. State, *supra,* it does not appear upon what ground the petitioner was discharged from custody under the Governor's first warrant. It may have been fatally defective in form and substance, which defect may have been remedied by the second and valid warrant.

Our conclusion that the judgment of the Circuit Court in the habeas corpus proceeding, in so far as it held that the docket charge on which plaintiff in error was convicted did not state any offense, and that his detention thereunder was illegal, was *res judicata* of this question, appears to be

well sustained, not only by the general authorities above cited, but also by our own statutes. This judgment of the Circuit Court was obtained by plaintiff in error and stands unreversed, and plaintiff in error cannot now be heard to say that the said docket charge was of sufficient legal force and effect to constitute the basis for a plea of former jeopardy, or for a writ of prohibition. The law is well settled in this jurisdiction that, so far as the charge of crime is concerned, a prisoner should not be discharged on habeas corpus unless the allegations contained in the affidavit, information or indictment, or other form of charge, wholly fail to state an offense. See *In re* Robinson, 73 Fla. 1068, 75 So. 604. That appears to be what the Circuit Judge held in the judgment of discharge here involved, and such holding demolishes the claim of former jeopardy.

On habeas corpus proceedings, where it is made to appear that the complaint under which the petitioner is held, *or has been convicted,* charges no public offense, the prisoner is entitled to be discharged. *Ex parte* Bailey, 39 Fla. 737, 23 So. 552. See also Bell v. Gregory, 89 Fla. 293, 103 So. 832, *Ex parte* Garvey, 84 Fla. 583, 94 So. 381, Foster v. Perry, 71 Fla. 155, 70 So. 1007. This holding is not in conflict with that in the recent case of Anderson v. Chapman, 146 So. 675, wherein it was said that, "A writ of habeas corpus is in the nature of a writ of error only in so far as it seeks to examine the commitment, not the judgment. The judgment itself cannot be reviewed on the writ of habeas corpus except as hereinbefore stated." We need go no farther here than to call attention to the fact that the cited case was dealing with the judgment of a court of record, a court of general jurisdiction. Here, the judgment which was in effect set aside or annulled by the Circuit Court, as incidental to its holding that the charge on which it was based did not state any offense, was that of a

municipal court. It will also be noted that in Anderson v. Chapman, *supra,* it was said:

"The jurisdiction of a court or judge to render a judgment is always a proper subject of inquiry on habeas corpus, and if the court or judge had not jurisdiction to render the judgment, either because the proceedings or the law under which they were taken are unconstitutional, or for any other reason the judgment is void, one who is imprisoned under and by virtue of it may be discharged on habeas corpus. 12 R. C. L. 1196."

In the case of Feger v. Fish, supra, cited by plaintiff in error, it will be noted that the jurisdiction of the trial court to proceed further with the case had terminated, and for it to hold the defendant longer to answer the charge against him was held by this court to amount to action in excess of its jurisdiction and that writ of prohibition would lie. That case is not in point here.

Plaintiff in error also cites the case of Ball v. United States, 163 U. S. 662, 41 Law Ed. 300, 16 S. C. 1192, wherein it was held that a general verdict of acquittal upon the issue of not guilty under an indictment undertaking to charge murder, and not objected to before the verdict as insufficient in that respect, is a bar to a second indictment for the same killing. Ball, the man acquitted, was jointly indicted with two others, who were convicted, but this judgment of conviction was reversed on writ of error sued out by the two convicted men, on the ground of the insufficiency of the indictment. Thereafter the first indictment was dismissed in the trial court and a new indictment returned against the same three defendants. The defendant Ball who had been acquitted on the first trial interposed pleas of former jeopardy and former acquittal. The other two defendants filed pleas of former jeopardy. Both pleas were overruled. At the trial it was admitted by all parties that

the offense charged in the former indictment and that charged in the second indictment was one and the same transaction and offense, to-wit, the killing of a man named Box by the three defendants. All three defendants were convicted on the second trial and sued out writ of error. It was held that the verdict of acquittal of Millard Ball, on the first trial, as set up in his plea, was conclusive, and that the trial court erred in overruling his plea, but the plea of former jeopardy interposed by the other two deefndants was properly held bad by the lower court and their conviction was affirmed. As to their plea of former jeopardy, the Court said:

"Their plea of former conviction cannot be sustained, because upon a writ of error sued out by themselves the judgment and sentence against them were reversed, and the indictment ordered to be dismissed. How far, if they had taken no steps to set aside the proceedings in the former case, the verdict and sentence therein could have been held to bar a new indictment against them need not be considered, because it is quite clear that a defendant who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted. Hopt v. Utah, 104 U. S. 631, (26:873). 110 U. S. 574 (28:262), 114 U. S. 488 (29:183), 120 U .S. 430 (30:708); Reg. v. Drury, 3 Cox, S. C. 544, 3 Car. & K. 193; Com. v. Gould, 12 Gray, 171. The court therefore rightly overruled their plea of former jeopardy."

If plaintiff in error, Joe Cacciatore, had been acquitted on his trial in the municipal court, and had afterward pleaded such acquittal on a trial under the second docket charge in the same court, he might get some comfort from the case above discussed. But as he was convicted and, by writ of habeas corpus sued out by himself, virtually had

such judgment of conviction set aside and to all intents and purposes reversed or nullified, he cannot, under the authority of the Ball case, object to being tried anew on a second valid docket charge, though based on the same transaction. And, if this be true, he certainly cannot maintain such a writ of prohibition as is here involved, on the ground of former jeopardy.

This Court speaking through Mr. Chief Justice WEST in the opinion of the case of Burnes v. State, 89 Fla. 494, 104 So. 783, said:

"Legal jeopardy attaches when one is placed on trial in a court of competent jurisdiction upon an indictment sufficient in form and substance to sustain a judgment of conviction and a jury has been duly empaneled to try and determine the issue. 16 C. J. 236; Allen v. State, 52 Fla. 1, 41 South. Rep. 593; 120 Am. St. Rep. 188; Dulin v. Commonwealth, 91 Va. 718, 20 S. E. Rep. 821; State v. McWilliams, 267 Mo. 437, 184 S. W. Rep. 96; Seinhuhler v. State, 77 Neb. 331, 109 N. W. Rep. 395; Loyd v. State, 6 Okla. Cr. 76, 116 Pac. Rep. 959. If a prior indictment was so defective in form or substance that a valid judgment of conviction could not be entered on it, there could have been no legal jeopardy. 1 Bishop's New Crim. Law, Sec. 1020; 16 C. J. 241; Black v. State 36 Ga. 447, 91 Am. Dec. 772, Kohlheimer v. State, 39 Miss. 584, 77 Am. Dec. 689; State v. Ward, 48 Ark. 36, 3 Am. St. Rep. 213; People v. Ammerman, 118 Cal. 23, 50 Pac. Rep. 15; Bennett v. Commonwealth, 150 Ky. 604, 15 S. W. Rep. 806.

"The former indictment in this case having been fatally defective in failing to allege ownership of the building broken and entered, a judgment of conviction upon it would have been arrested. Therefore, there was no jeopardy. So this assignment cannot be sustained."

In the light of the foregoing authorities, we hold that the court below was justified in denying the writ of prohibition on the ground of former jeopardy, and that the assignment of error based on such ruling is without merit. The judgment below will therefore be, and the same is,

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.