STATE, *ex rel.* E. H. PADGETT, v. G. A. WINDHAM, as Sheriff of Dade County.

STATE, *ex rel* FRED WALSTON, v. G. A. WINDHAM, as Sheriff of Dade County.

STATE, *ex rel.* D. F. SAXON, v. G. A. WINDHAM, as Sheriff of Dade County.

STATE, *ex rel* D. J. MAHONEY, v. G. A. WINDHAM, as Sheriff of Dade County.

(Four Cases Consolidated)

162 So. 501.
Division A.
Opinion Filed June 25, 1935.

William K. Whitfield of Tallahassee, H. H. Wells, B. K. *Roberts* and *DuBose & Gordon,* for Plaintiff in Error;

*Cary D. Landis, Attorney General* and *Roy Campbell,* Assistant, for Defendant in Error.

DAVIS, J.—The judgments remanding the prisoners in these several cases to the custody of the sheriff must be affirmed by the Court on the authority of the general rule stated in Bell v. Gregory, 89 Fla. 293, 103 Sou. Rep. 832, wherein it was held that in habeas corpus proceedings the Supreme Court will only inquire whether the complaint upon which the defendant is held, or has been convicted, charges a public offense, and will discharge persons in custody under criminal process only when it finds that to the charge attempted to be preferred, no criminality is attached by law.

Habeas corpus is not a remedy for relief against imprisonment under a warrant or other process that charges a criminal offense defectively or inartificially, even where the criminal charge, as stated, is wholly insufficient as against a demurrer or motion to quash interposed at the trial. Lewis v. Nelson, 62 Fla. 71, 56 Sou. Rep. 435; *Ex Parte* Prince, 27 Fla. 196, 9 Sou. Rep. 659, 26 Am. St. Rep. 67; *In re:* Robinson, 73 Fla. 1068, 75 Sou. Rep. 604, L. R. A. 1918-B 1148; Griswold v. State, 77 Fla. 505, 82 Sou. Rep. 44; Spooner v. Curtis, 85 Fla. 408, 96 Sou. Rep. 836; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310.

In the present case the informations upon which the plaintiffs in error were remanded to custody by the judgment of the court below, were substantially as follows:

"Chas. A. Morehead, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that E. H. Padgett, D. J. Mahoney, D. F. Saxon and Fred Walston of the County of Dade and State of Florida, on the 7th day of December, in the year of our Lord, one thousand nine hundred and thirty-one, in the County and State aforesaid, did unlawfully and feloniously set up, promote and conduct a certain lottery for money, and other thing of value, by means of gambling and lottery devices, commonly known and designated as "Slot Machines," and a further and more particular description of which is to the County Solicitor unknown, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

It cannot be said that such information *wholly* fails to charge a crime against the laws of Florida under Section 7667 C. G. L., 5509 R. G. S., assuming (but not deciding)

that such information is defective or insufficient as against a demurrer or motion to quash filed at the trial.

Appellate courts are properly reluctant to strike down on habeas corpus proceedings defectively or inartificially pleaded criminal charges that, if properly and timely attacked in the trial court, would be therein subject to correction by way of the filing of a new and amended information or indictment. The exceptional cases wherein this court has failed to strictly observe or enforce the above stated rule have been test cases wherein important points of law were presented to this court for decision on habeas corpus proceedings by mutual consent of the parties, or at least without objection by the State's counsel to the form of proceedings adopted.*

Here the Attorney General has specifically raised the objection, and such objection having been properly submitted for our decision, we are impelled to sustain it on the authorities hereinbefore set forth.

Judgments affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

---

*For example: Martin v. Karel, 106 Fla. 363, 143 Sou. Rep. 317; Kirk v. Morrison, 108 Fla. 144, 146 Sou. Rep. 215.