STATE, *ex rel.* REBECCA LIBTZ, v. D. C. COLEMAN, as Sheriff of Dade County.

177 So. 725.
Division A.
Opinion Filed December 20, 1937.

*Daniel Sepler,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment remanding petitioner to the custody of the Sheriff in habeas corpus proceedings instituted after conviction and after time in which petitioner may have had the conviction reviewed on writ of error.

The sole question is the challenge to the sufficiency of the information to withstand attack in habeas corpus proceedings.

The information is in the following language:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"FRED PINE, County Solicitor for the County of Dade, prosecuting for the State of Florida in the said County, under oath, information makes that Rebecca Libtz of the County of Dade and State of Florida, on the 12th day of February, in the year of our Lord, one thousand nine hundred and thirty-five, in the County and State aforesaid, did then and there unlawfully keep and operate a house of ill-fame resorted to for the purpose of prostitution and/or lewdness, contrary to the form of the Statute in such case

made and provided, and against the peace and dignity of the State of Florida."

The statute alleged to have been violated is Section 5433 R. G. S., 7576 C. G. L., and is as follows:

"Keeping House of Ill-fame.—Whoever keeps a house of ill-fame, resorted to for the purpose of prostitution or lewdness, shall be punished by imprisonment not exceeding one year."

So the charge is substantially in the language of the statute. The words "prostitution" and "lewdness" each have a meaning so well known that it is not necessary for their meaning to be stated in an information.

The information not only is sufficient to withstand the attack here made, but is entirely sufficient to charge the offense denounced by the statute and to fully advise the accused of the nature of the crime of which she stood accused and stands convicted.

The rule applicable to the sufficiency of informations to withstand attack by habeas corpus is stated, and supported by numerous authorities there cited, in State, *ex rel.,* v. Windham, 120 Fla. 206, 162 Sou. 501.

The judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.