GEORGE MARION GAVIN *vs.* HAROLD V. LANGLOIS, JR., *Warden.*

FEBRUARY 15, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

ROBERTS, J. This is a petition for a writ of habeas corpus brought by the petitioner to obtain his discharge from the allegedly unlawful custody of the respondent warden. The petitioner has been held in custody by the respondent pursuant to a sentence of thirty years imposed on June 10, 1955 by a justice of the superior court in the case of State v. George Marion Gavin, Indictment No. 25287.

In that indictment the defendant George Marion Gavin, hereinafter referred to as Gavin, was charged with the commission of the crime of murder. The indictment followed the apprehension of Gavin after the fatal shooting of Charles Kimatian in Providence on April 19, 1950 during the perpetration of a robbery. Along with other defendants Gavin went to trial under this indictment in October 1950 and was found guilty of murder in the first degree by

the jury. On November 6, 1950 the trial justice sentenced Gavin to imprisonment for life.

While Gavin was in custody pursuant to the life sentence so imposed, he filed in the superior court a petition for habeas corpus which was heard by a justice of that court on April 15, 1953. Thereafter, on October 9, 1953, the said justice granted the petition for the writ and entered an order which in substance directed that Gavin be discharged from further custody pursuant to the sentence imposed by reason of his conviction for murder in the first degree.

Gavin was not discharged from actual custody, however, being further detained by reason of the pendency of other charges against him which arose out of the same criminal action. Gavin does not dispute the legality of this detention. It appears that thereafter counsel for Gavin and the attorney general engaged in a series of conferences concerning the disposition to be made of the various charges pending against Gavin. The record does not disclose the nature of the conclusions or agreements reached at these conferences, but it does appear that on June 3, 1955 a justice of the superior court granted a motion "to vacate the record of conviction of murder in the 1st degree," ordered the cause reinstated for trial, and permitted Gavin to file certain special pleas.

Thereafter, on June 10, 1955, Gavin appeared before the superior court and pleaded nolo contendere to a charge of murder in the second degree and was given the sentence pursuant to which he is now held in the custody of the respondent warden. The docket entry concerning this proceeding is as follows: "1955, June 10, Jalbert, J. Murder, nol prossed as to deft. Gavin. Deft. Gavin arraigned on charge of Murder in 2nd Degree, pleads nolo contendere and sentence [sic] to Mens Reformatory for 30 years and committed."

The ground upon which Gavin relies primarily for the issuance of the writ here is that having been discharged pursu-

ant to such writ from the life sentence imposed under the instant indictment he could not again lawfully be imprisoned under that indictment. He concludes that since his present detention is the result of the sentence imposed under the instant indictment subsequent to his discharge from prior custody, it is unlawful, and in support thereof he directs our attention to G. L. 1956, §10-9-29. That statute in pertinent part reads as follows: "No person who has been discharged upon a writ of habeas corpus shall be again imprisoned or restrained for the same cause, unless he shall be indicted therefor or convicted thereof * * *."

The generally accepted rule is that a discharge from custody upon a writ of habeas corpus precludes any further detention or imprisonment under the same process or in the same proceeding but that such a discharge does not bar a subsequent prosecution with consequent arrest and detention in a new proceeding or under new process. In many jurisdictions this rule has been given legislative sanction by statutory enactment. The rule has been aptly stated in *State ex rel. Cacciatore* v. *Drumbright,* 116 Fla. 496, as follows: "* * * the general rule in most jurisdictions is that an order or judgment *discharging* a person in such proceedings is conclusive in his favor that he is illegally held in custody and is *res judicata* of all issues of law and fact necessarily involved in that result, and he cannot be again arrested for the same cause; that is, upon the same warrant, indictment or information which was therein held illegal. While it usually terminates the pending proceeding against the petitioner, it does not necessarily prevent the institution of a subsequent prosecution against him under proceedings which are legal and sufficient and which remove the illegalities, or supply the defects, on account of which the order of discharge was granted."

Similar judicial declarations that a discharge from custody by a writ of habeas corpus in effect vitiates the process pursuant to which the questioned detention was effected

may be found in *Day* v. *Smith,* 172 Ga. 467, *In re Crandall,* 59 Kan. 671, *State ex rel. Zugschwerd* v. *Holm,* 37 Minn. 405, and *McConologue's Case,* 107 Mass. 154. These decisions, in our opinion, reflect judicial recognition of a basic principle of justice, that is, that one who has been discharged from unlawful detention by habeas corpus should not be further detained or again imprisoned under that legal process pursuant to which he was found to have been unlawfully detained. In our opinion G. L. 1956, §10-9-29, constitutes legislative recognition and endorsement of that principle.

This court, when confronted with a question in *In re Deslovers,* 35 R. I. 256, which involved the effect of a discharge from custody on a writ of habeas corpus, appears to have held that one who had been in custody under an indictment charging him with the crime of murder and who pursuant to a writ of habeas corpus was discharged from that custody may not again be deprived of his liberty under that indictment. It does not appear from an examination of the opinion, however, that in reaching this conclusion the court considered the statutory provisions now invoked by Gavin which were then in effect in G. L. 1909, chap. 305, sec. 28.

Deslovers had been indicted for murder on September 16, 1912 and thereafter on his petition for habeas corpus was discharged from custody on the ground that, having been held without being bailed or tried within six months after the indictment, his statutory rights had been violated and he was entitled to a discharge from custody on the writ. See G. L. 1956, §12-13-7. After the opinion was filed in *In re Deslovers,* 35 R. I. 248, the state moved for permission to reargue certain issues. We have examined the memorandum of law filed by the state in support of that motion and conclude therefrom that, among other things, the state was contending that, conceding a violation of this particular statutory right of the prisoner, he was being lawfully detained pursuant to a valid indictment and therefore

was not entitled to a discharge from that detention.

The court, however, was of the opinion that the detention of Deslovers became illegal when he was held in violation of the statute and that he thereupon became entitled to be discharged not from responsibility for the crime, if any, but from detention under the process pursuant to which the detention had been effected. In the *Deslovers* case, 35 R. I. 256, at page 258, the court said: "We do not mean by 'discharge' that the prisoner is to be released from the consequences of the crime of which he is accused, but simply that he cannot be further detained in prison and deprived of his liberty under the present indictment." The court went on to say by way of dicta: "We may be warranted in adding that it does not now appear to us that the prisoner could be tried under the present indictment or even be required to give his personal recognizance as a precedent condition to his liberty." We consider the language employed by the court to be significant of its intention to subscribe to the rule stated in *State ex rel. Cacciatore* v. *Drumbright, supra.* We reiterate that the court in reaching this conclusion did so without reference to the statute invoked by Gavin in the instant case.

After the state's motion for permission to reargue was denied, the original indictment was nol-prossed and a new indictment was returned charging Deslovers with the same offense. Under this indictment he was tried and convicted. Deslovers then prosecuted a bill of exceptions to this court wherein he raised the question, *inter alia,* whether his discharge on a habeas corpus from his prior imprisonment pursuant to the original indictment "forever barred the State from further imprisoning or prosecuting him on account of the crime for which he was in said first indictment charged." *State* v. *Deslovers,* 40 R. I. 89, 94.

The court held that further prosecution of Deslovers for the crime with which he had been charged was not barred by his prior discharge on a habeas corpus, saying at page 97

that there was ample authority holding that "a discharge from imprisonment, upon a *habeas corpus,* does not amount to an acquittal of the crime unless it is expressly so provided by statute." At page 96 the court said further that in the absence of express statutory provisions it would not assume that a defendant discharged on a habeas corpus "should be discharged from imprisonment and consequently at the same time be exculpated from all the consequences of his crime."

Then the court for the first time referred to the statute upon which Gavin relies in the instant petition. At page 97 the court said: "We are further strengthened in our view, that a discharge from imprisonment under a writ of *habeas corpus* does not amount to an acquittal of the crime charged in the indictment, by Section 28 of Chapter 305, which expressly provides that 'No person who has been discharged upon a writ of *habeas corpus* shall be again imprisoned or restrained for the same cause, unless he shall be indicted therefor * * *.'" This is now G. L. 1956, §10-9-29. The court said that these provisions indicate a legislative intent contrary to the argument that a discharge under a habeas corpus bars any further prosecution for the same offense, in other words, that the statute authorizes the reindictment of such a defendant.

We have discussed the *Deslovers* cases at some length because we consider them to be persuasive that this court recognized the principle of law upon which is based the rule expressed in *State ex rel. Cacciatore* v. *Drumbright, supra.* It is our opinion that those cases evidence this court's acceptance of the rule that a discharge by habeas corpus vitiates the process pursuant to which the detention was effected but that such discharge is not res judicata of the issue of the defendant's guilt of the offense with which he was charged.

When we view the statutory provisions invoked by Gavin in the instant case in the light of the decisions herein referred to, including the *Deslovers* cases, we are persuaded

that the legislature in enacting them intended to affirm or declare the rule of law stated in *State ex rel. Cacciatore* v. *Drumbright, supra,* and other cases cited. It was the intent of the legislature, in our opinion, to provide that a discharge from custody under a writ of habeas corpus would ordinarily vitiate the process pursuant to which the detention was effected but that such a discharge under the writ would not be res judicata of the issue of the defendant's guilt of the crime with which he is charged. There is nothing in the instant petition that requires us to construe the remaining provisions of §10-9-29 which are concerned with the arrest of persons after a discharge by reason of a defect in proof or commitment in criminal cases.

The issue before us for decision, however, is whether the imprisonment of Gavin pursuant to a sentence imposed under the original indictment after a plea of nolo contendere to the charge of murder in the second degree is lawful, said Gavin having been discharged from a prior detention under that indictment on a writ of habeas corpus. Because of the view which we have taken of the effect of such a discharge on the process involved, we are constrained to hold that the detention is unlawful.

The petition is granted, and the respondent is therefore directed to discharge the petitioner forthwith from that custody in which he is held pursuant to a sentence of thirty years imposed by the superior court on June 10, 1955 after a plea of nolo contendere to a charge of murder in the second degree.

CONDON, C. J. dissenting. I disagree with the majority's construction of G. L. 1956, §10-9-29. Such construction in effect voids the indictment and absolves the petitioner from further prosecution unless the state obtains a new indictment. That is not an indispensable requirement as a matter of law although it may in most instances be a practical necessity. The reason simply is this. By force of the statute the accused cannot after his discharge on a writ of hab-

eas corpus be imprisoned or restrained and therefore he cannot without his consent be subjected to the jurisdiction of the court to try him on the indictment still pending against him. Consequently if the accused refuses to subject himself to the jurisdiction of the court for trial the state has no recourse but to nol. pros. the pending indictment and obtain a new indictment as was done in *State* v. *Deslovers*, 40 R. I. 89. But there is no necessity for such recourse if the accused, notwithstanding the granting of his petition for habeas corpus, remains in lawful custody because of other charges pending against him. In such a case the court may obtain his presence to answer the indictment by a writ of habeas corpus ad respondendum.

On the facts here I am clearly of the opinion that the petitioner was accorded the full benefit of the statute and therefore is not entitled to a discharge from imprisonment under the sentence for murder in the second degree. After the superior court granted his first petition for habeas corpus he did not obtain his liberty but remained in lawful custody on other charges. If the state had elected to invoke the aforementioned procedure at that time he could have been tried for murder in the first degree without his consent. However, it appears from the record that petitioner consented to withdraw certain special pleas and plead nolo contendere to the indictment in accordance with an understanding between him and the state that the charge of murder would be reduced from first degree to second degree. As a result of his free consent given with the protection of advice of counsel he was lawfully sentenced under the lesser charge and, in my opinion, is now lawfully subject to imprisonment thereunder.

In the above connection I think it is pertinent to note what counsel for petitioner said in the superior court when petitioner was given leave to plead nolo contendere to the lesser charge. In acquainting the court with the reasons

which led petitioner to submit himself to its jurisdiction on the pending indictment counsel stated:

> "Had it not been for the robbery charge in the assault with a dangerous weapon charge, we are inclined to believe that the State would have been put to the burden of re-indicting or he would have been released from jail. But because of the other two charges, one which carries no bail and under which no bail was set, he has been there waiting.

> "We have been negotiating with the State. We have been consulting in an effort to determine just what [is] the best thing to do. And finally, we have concluded that his best interests are being served in having him enter the plea that he has just done."

Such statement, in my opinion, indicates on the part of counsel for petitioner a correct conception of the law. It is also evidence of the fact that petitioner gave his consent only after mature deliberation and with the benefit of prudent advice.

It is regrettable, in my view, that the majority has construed the statute in such a manner as to make a new indictment an indispensable necessity in order to warrant further prosecution of the petitioner. The consequences of that construction may be far reaching generally. What they will be to the ultimate disposition of the serious charge with which the petitioner stands accused cannot now be foreseen.

For the above stated reasons I would deny and dismiss the petition.

*Joseph G. LeCount, Thomas H. Brown,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, for State.