WIGGINTON, Judge.
Relators have filed in this cause their petition seeking a writ of prohibition directed to the respondent Circuit Judge of the Seventh Judicial Circuit of Florida. The purpose of the writ is to prohibit respondent from any further exercise of jurisdiction in an injunction proceeding pending in that court in which four certain named individuals are joined as plaintiffs and two named individuals are joined as defendants. The injunction suit arose out of the following facts. The four persons named therein as plaintiffs are owners of certain lands in Putnam County which they are in the process of developing, an incident of which entails the dredging of a portion of their lands. Some undisclosed state functionary concluded that, in their dredging operation, the four landowners were violating F.S. Section 370.035, F.S.A., by proceeding to dredge a portion of their lands without first having acquired a permit as required by other provisions of law. Having reached such conclusion, such functionary apparently prevailed upon an employee of the Game and Fresh Water Fish Commission to arrest the four landowners and charge them with violating the statute above mentioned which, under such statute, constitutes a misdemeanor. The landowners took the legal position that their lands were exempt from the provisions of F.S. Section 370.02(2) (c) 2, F.S. A., and that no permit to dredge their lands was required by law. Following their arrest, they posted an appearance bond and continued with their development operations. The wildlife officer again arrested the landowners, charging them with the same offense for which they were previously arrested, and again the landowners posted bond and continued with their development. It appears that the environmental protection division of the office of the Trustees of the Internal Improvement Fund became interested in the matter and instituted, in a court of competent jurisdiction, an injunction proceeding seeking to enjoin the four landowners from engaging in any further acts of dredging until a permit to do was applied for and received by them in accordance with law. Despite all this, the wildlife officer continued to arrest or threaten to arrest the landowners unless they immediately ceased and desisted from any further dredging operation on their lands.
It was at this stage of the controversy that the four landowners brought suit in the Circuit Court of Putnam County seeking an injunction to restrain the wildlife officer from making any further arrests of them and from continuing to harass them by threats of arrest, and joining as an additional party defendant the assistant state attorney of the Seventh Judicial Circuit who was charged with the responsibility of prosecuting the landowners for their alleged offenses. On the plaintiffs’ application for temporary injunction, the case was heard by respondent herein, the Honorable E. L. Eastmoore as Circuit Judge of the Seventh Judicial Circuit. Several days were devoted to the taking of testimony and evidence concerning the controversy, at the conclusion of which Judge East-moore issued a temporary injunction restraining the wildlife officer and the assistant state attorney from taking any further action against the four landowners in question until such time as the legal question presented by the then pending criminal prosecutions and the pending injunction suit brought by the Trustees of the Internal Improvement Fund could be heard and decided.
Following the issuance of such temporary restraining order, the state attorney of the Seventh Judicial Circuit and the Attorney General of Florida, relators herein, filed in this court a document denominated by them as a suggestion for writ of prohibition and petition for writ of supervisory control. By this pleading, they first seek a writ prohibiting the respondent circuit judge from exercising any further jurisdiction in the injunction suit pending in his court brought by the landowners against the wildlife Officer and the assistant state *335 attorney. In the alternative, they pray for what they call a “writ of supervisory control” in which they ask this court to reverse the temporary restraining order rendered by respondent in the case in which neither of them are parties and to hold that he committed numerous errors in the proceeding leading up to and' concluding with the issuance of the objectionablte restraining order.
We have carefully considered the suggestion filed by relators together with the accompanying documents and brief filed in support of their position. We are aware of no provision of law, and none has been cited to us by counsel for rela-tors, which holds to the proposition that under the facts of this case respondent circuit judge acted without or in excess of his jurisdiction in issuing the temporary restraining order sought to be invalidated by this proceeding. The circuit courts of this state have jurisdiction under our constitution to issue an injunction restraining any public officer or employee from harassing, abusing, injuring, or otherwise violating the lawful rights of our citizens by engaging in actions under the color of office which are unauthorized by law and motivated primarily by spite, malice, or ill will. The very issue of the injunction proceeding sought to be prohibited is to determine whether in equity and good conscience the landowners named as plaintiffs therein should be protected against further consecutive arrests by the wildlife officer and consecutive prosecutions by the office of the state attorney until such time as the legal issue of whether the landowners have violated the law by failing to secure a dredging permit for operations on their land has been resolved. This is the issue on which the pending criminal prosecutions against the landowners will turn and whether the injunction sought by the Trustees of the Internal Improvement Fund against the landowners should issue and be made permanent.
Whether the respondent circuit judge was correct as a matter of law in issuing the temporary injunction in the suit sought to be prohibited is a question which may be challenged on a proper interlocutory appeal to this court and there decided in an orderly manner. The fact that his ruling may be erroneous, a fact on which we express no opinion at this time, has no bearing on his authority to make such error.[1] Relators having failed to allege facts sufficient to demonstrate, if true, that respondent is purporting to act without or in excess of his lawful jurisdiction, the suggestion filed by them in this cause fails to state a prima facie case for the relief prayed. The application for rule nisi is accordingly denied and the suggestion dismissed.
RAWLS, C. J., and SPECTOR, J., concur.

. State ex rel. Cacciatore v. Drumbright (Fla.1934), 116 Fla. 496, 156 So. 721.