SHARP, Judge.
Moore appeals his conviction of robbery with a firearm. He argues the trial court erred in limiting the cross-examination of two prosecution witnesses, Mainor and Thompson; in denying his presentation of collateral witnesses to impeach the two witnesses’ identification of Moore as a perpetrator of the criminal acts charged; and in curtailing defense counsel’s closing argument to the jury that a police officer pointed Moore out to Mainor and Thompson at a preliminary hearing. We reverse.
The crucial issue in this case was the accuracy of Mainor’s and Thompson’s eyewitness identifications of Moore. There were no fingerprints, stolen property in Moore’s possession, or testimony of other witnesses linking Moore to the crimes. Mainor and Thompson testified that late one evening, three men appeared on Thompson’s front porch. One pulled out a firearm and forced Thompson to let them enter the house. No lights were on in the house or on the porch. The three intruders took Mainor, Thompson's girlfriend, into the bedroom. Mainor testified two of them raped her. They turned on a blue light in the bedroom and searched until they found money Thompson had concealed in his bureau drawer.
Mainor and Thompson first identified Moore and two others, Lewis Williams and Jeremiah Jones, from photographs at the police department. The trial of Williams was severed from the others. Jones • and Moore were tried together three times, each resulting in a mistrial for various reasons. At the time of this (Moore’s fourth) trial, Lewis Williams was deceased, but before he died, the state “nolle-prossed” the charges against him because evidence was discovered which made Mainor’s and Thompson’s identification of Williams highly suspicious. Mainor had identified Lewis Williams as the man who first raped her, spoke to her at length and attempted to kiss her. However, Dr. P. T. Fleuchaus was prepared to testify that he operated on Lewis for a gunshot wound in the face and mandible area, and that on the day prior to the robbery, Lewis had large horizontal silver metal bars on his teeth to hold his jaw bone in place. Lewis could not open his mouth except a small amount, nor could he speak plainly.
At the trial, defense counsel sought to cross-examine Thompson and Mainor about the actions of the two other men during the crime, but the trial court sustained the prosecution’s objections that testimony concerning the actions of other persons who were not party defendants was irrelevant and immaterial. The trial court also excluded the proffered testimony of Dr. Fleu-chaus concerning the physical condition of Lewis Williams on the date of the crime, because it was “outside” or “extemporaneous” to Moore’s trial. Moore sought to show he was in Sanford with relatives on the night of the robbery. He said the first time he saw Mainor was at a preliminary hearing after his arrest. He saw a detective pointing him out to Mainor and Thomp *592 son in the courtroom. Defense counsel tried to refer to this testimony in his closing argument, but the state objected. The trial court sustained the objection, saying “I don’t recall any testimony as being incumbent upon his conduct at any time during the course of the trial.”
Taken together, these rulings denied Moore a fair trial. Foster v. Perry, 71 Fla. 155, 70 So. 1007 (1916). Evidence relating to actions of co-perpetrators of a crime are clearly admissible against a defendant. Gilbert v. State, 311 So.2d 384 (Fla.3d DCA 1975); Hennessy v. State, 198 So.2d 37 (Fla.3d DCA 1967). There is no logic in excluding it when the defendant seeks its presentation. Moore sought to attack the accuracy of Mainor’s and Thompson’s identification of him as one of the intruders the night of the robbery. He was entitled to challenge their identification on cross-examination, and by presenting testimony to impeach its accuracy.[1] The mistaken identification of Lewis Williams was neither “collateral” nor “irrelevant,” since it cast doubt on Mainor’s and Thompson’s ability to identify any of the defendants.[2] The state recognized this when it decided not to prosecute Williams. The assistant state attorney said: “. . . subsequent prosecution would not meet the ends of justice, and could endanger the successful prosecution of the other defendants . .” (Emphasis supplied).
Finally, we must reverse because the trial court declared erroneously during defense counsel’s closing argument that certain evidence relating to the eyewitnesses’ identification of Moore had not been presented, when in fact it had been. This cast doubt on the credibility of defense counsel as well as the defendant. Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980); Lassiter v. State, 118 So.2d 81 (Fla. 1st DCA 1960).
REVERSED and REMANDED for new trial.
FRANK D. UPCHURCH, J., and JAMIE-SON, FRANCES A., Associate Judge, concur.

. Coxwell v. State, 361 So.2d 148 (Fla.1978); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976).

. See Johnson v. State, 178 So.2d 724 (Fla.2d DCA 1965); C.A.W. v. State, 295 So.2d 329 (Fla. 1st DCA 1974).